# State of Vermont v. Gary R. Cooley

[377 A.2d 1386]

No. 81-77

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed September 12, 1977

*Gregory W. McNaughton*, Washington County State's Attorney, Montpelier, for Plaintiff.

*John K. Dunleavy* of *Burgess and Normand, Ltd.*, Montpelier, for Defendant.

**Daley, J.**   In this cause, the defendant, while in execution of sentence, filed a V.R.Cr.P. 32(d) motion in the district court by which he sought to withdraw his pleas of guilty made to the offenses charged against him. The court heard the motion and filed findings of fact upon which it concluded that the defendant had failed to demonstrate manifest injustice. The defendant appeals from the order denying the relief requested.

V.R.Cr.P. 32(d) reads as follows:

> Withdrawal of Plea of Guilty.
> A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or deferred; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The authority of the sentencing court to act under this rule when a defendant is in custody under sentence was challenged by the State in the district court and in its argument before us. In support of the district court's jurisdiction, the defendant

contends that the rule is in effect a post-judgment motion which gives him a right to raise legal issues directly before the sentencing court *at any time.* We cannot agree with this position.

The application of the doctrine urged by the defendant would present a direct conflict with the statutes of this State relating to post-conviction relief contained in subchapter 4 of Title 13. (13 V.S.A. §§ 7131-7137).

Subchapter 4 is substantially a special remedy in the nature of habeas corpus applicable to those "in custody under sentence of a court." 13 V.S.A. § 7131. It provides for a judicial review of challenges to confinement upon several grounds, one of which is that the sentence is subject to collateral attack. Alleged here is the failure of the sentencing court to comply with V.R.Cr.P. 11(e)(4) by not informing the defendant of his right to withdraw his pleas of guilty before it imposed a sentence in excess of a recommendation presented to the court by the State as part of a negotiated plea agreement.

The remedy under subchapter 4 is initiated by a motion filed in the superior court of the county in which the sentence was imposed. It is also significant to note that although situations for review are to be heard in the superior court, the superior or district judge who presided when the original sentence was imposed shall not hear the application. 13 V.S.A. § 7131.

This special remedy provided by the Legislature is in our opinion the only one available to this defendant. In so holding, we have in mind a principle of statutory construction that statutes dealing with a narrow, precise and specific subject are not submerged by a later enacted statute, in this instance a rule of procedure having the force of statutory law covering a more generalized spectrum. See *F.M. Burlington Co.* v. *Commissioner of Taxes,* 134 Vt. 515, 518, 365 A.2d 531 (1976); 12 V.S.A. § 1. Contrary to the claims made by the defendant, we do not believe that the Legislature, in approving Rule 32(d), intended to provide another post-conviction forum. For the foregoing reasons, we hold that the district court was without jurisdiction.

Moreover, the defendant's motion to withdraw his pleas of guilty was filed in the district court forty-two days after the entry of judgment of conviction on the pleas. That judgment was unappealable; a judgment of conviction is final after the

thirty-day appeal period has run, and this judgment became final some twelve days prior to the filing of the motion. See 13 V.S.A. § 7401; V.R.A.P. 4.

■ We believe that an orderly process of review and appeal is essential for the prompt and fair administration of criminal justice. Rule 32(d) makes no provision for appellate review nor does it establish time limitations. The defendant urges a literal reading concluding that a Rule 32(d) motion can be brought at any time after judgment. We cannot construe it in that manner in light of the specific statutes concerning post-conviction relief as discussed above. We construe Rule 32(d) as authorizing the sentencing court to entertain and decide a motion to withdraw only during the period of time between judgment and the expiration of thirty days. Once a judgment has become final, it cannot be vacated under the rule.

■■ In so holding, we are confining the motion to a period of time similar to the time for a motion in arrest of judgment. V.R.Cr.P. 34. Since a defendant may appeal a judgment of conviction by direct appeal as a matter of right under 13 V.S.A. § 7401, if the motion is heard and determined within the thirty-day period, legal issues relating to such action would become appealable under 13 V.S.A. § 7401. The filing of this motion within the thirty-day period, however, does not toll the appeal period nor does it provide an additional period of thirty days for appeal if the motion is denied. See V.R.A.P. 4. Review after thirty days can be sought under post-conviction relief proceedings (13 V.S.A. § 7131 et seq.) or habeas corpus proceedings (12 V.S.A. Chapter 143).

The district court lacked subject matter jurisdiction to hear this Rule 32(d) motion twelve days after the judgment of conviction became final. The motion for review was improperly granted below.

*The district court's order denying the motion on its merits is vacated, and the cause is remanded for entry of an order dismissing the motion for lack of jurisdiction.*