## State of Vermont v. Agnes M. Wisell

[394 A.2d 1144]

No. 247-77

Present: Barney, C.J., Daley, Larrow and Hill, JJ.

Opinion Filed November 3, 1978

*M. Jerome Diamond,* Attorney General, and *Susan R. Harritt,* Assistant Attorney General, Montpelier, for Plaintiff.

*James L. Morse,* Defender General, *Charles S. Martin,* Appellate Defender, *David W. Curtis,* Acting Appellate Defender, and *Mary Reis,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Per Curiam.** In this criminal case, the State has moved to dismiss the defendant's appeal because the notice of appeal was not filed within thirty days of entry of judgment. It relies

upon our holdings in *State* v. *Cooley,* 135 Vt. 409, 377 A.2d 1386 (1977) and *State* v. *Savo,* 136 Vt. 330, 388 A.2d 391 (1978).

The written judgment order and sentence below, on a plea of nolo contendere, was entered April 14, 1977. On April 28, defendant filed her motion under V.R.Cr.P. 32(d), to withdraw her plea. This was denied on August 4, and on August 9 she filed her notice of appeal, specifying both the April 14 judgment and the August 4 ruling as the orders appealed from.

■ On a claim of manifest injustice, a plea withdrawal may be permitted under V.R.Cr.P. 32(d) even after sentence. If made before an appeal is taken, it may be disposed of by the trial court; if not made, or not disposed of, before appeal, such disposition is precluded, unless a remand for disposition is obtained from this Court. See *Commonwealth* v. *Simon,* 389 A.2d 151 (Pa. Super. 1978).

■ Whatever the intimations of our language in *State* v. *Cooley, supra,* we are of the further view that:

(1) Denial of a motion to withdraw a plea under V.R.Cr.P. 32(d) is "a question of law involved in a judgment of conviction," and therefore an appealable order under 13 V.S.A. § 7401. Cf. Reporter's Notes, V.R.Cr.P. 11(e)(6).

(2) As such, it must be designated in any notice of appeal as the order appealed from. V.R.A.P. 3(d).

■ In the instant case, the notice of appeal specifies both orders appealed from. As to the April 14 judgment it is out of time, more than thirty days having expired. *State* v. *Savo, supra.* As to the August 4 order, it is timely filed.

*Motion to dismiss appeal denied; appellate consideration and argument limited to the order of August 4, 1977.*

Billings, J., did not sit.