### State of Vermont v. Agnes M. Wisell

[400 A.2d 998]

No. 247-77

Present: Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

M. *Jerome Diamond,* Attorney General, and *Susan R. Harritt,* Assistant Attorney General, Montpelier, for Plaintiff.

*James L. Morse,* Defender General, *Charles S. Martin* and *William A. Nelson,* Appellate Defenders, and *Mary Reis,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Larrow, J.** The defendant was charged with six counts of welfare fraud [then 33 V.S.A. § 2581(3)], a misdemeanor. She eventually entered pleas of nolo contendere to two of those counts, as amended, under a plea bargain for dismissal of the remaining charges. Subsequently she filed a motion to vacate her pleas upon the ground urged here, *inter alia,* that the trial court had failed to inform her that she was waiving her privilege against self-incrimination, as required by V.R. Cr.P. 11(c)(4). No evidence was taken on the motion, although the trial court made findings of fact from the record. The motion was denied, and defendant filed a notice of appeal. By previous opinion, we limited the scope of appellate review to denial of the motion to vacate, because of the timing of the notice of appeal. *State* v. *Wisell,* 136 Vt. 541, 394 A.2d 1144 (1978).

A review of the record below, however, persuades us that the fine issues which the defendant seeks to have us determine are not properly before us. The judgments of guilty, as distinguished from the sentences imposed thereon, were entered in the trial court on March 21, 1977. Defendant's motion to vacate her pleas was filed April 28, 1977. It is concededly a motion to withdraw plea under V.R.Cr.P. 32(d). We expressly held in *State* v. *Cooley,* 135 Vt. 409, 377 A.2d 1386 (1977), that a motion under this rule to the sentencing court does not lie *at any time,* but only during the period of time between judgment and the expiration of thirty days. Since, under *Cooley,* the district court lacked subject matter jurisdiction to hear the motion, error cannot be predicated upon its denial of the relief sought. As *Cooley* points out, the remedy of defendant, who received a jail sentence, is elsewhere, by post-conviction or habeas corpus proceedings.

*Affirmed.*

Barney, C.J., did not sit.