## State of Vermont v. Louis J. Wargo, III

[719 A.2d 407]

No. 97-246

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed August 28, 1998

*William H. Sorrell*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Charles S. Martin* and *Monica Litzelman* of *Martin & Associates*, Barre, for Defendant-Appellant.

**Johnson, J.** Defendant appeals from an order of the Chittenden District Court determining that it lacked jurisdiction to consider defendant's motion to withdraw his guilty plea. The trial court thereafter granted defendant's motion for permission to bring this appeal pursuant to V.R.A.P. 5.1. The district court certified the following question for our review: "Where defendant pled guilty to an offense, received a fully suspended one-to-five year sentence, and was placed on probation on September 13, 1996, does the District Court have jurisdiction to consider defendant's January 2, 1997 motion to withdraw his plea, pursuant to V.R.Cr.P. 32(d)?" The certified question is answered in the negative. We conclude that the district court lacked jurisdiction to entertain defendant's motion and affirm.

Defendant pled not guilty to one count of aggravated sexual assault of a child, 13 V.S.A. § 3253(a)(8), and to one count of lewd and lascivious conduct, 13 V.S.A. § 2601. Defendant and the State reached a plea agreement whereby the sexual assault charge was dismissed and defendant pled guilty to the charge of lewd and lascivious conduct. The court thereafter accepted defendant's guilty plea and on September 13, 1996, sentenced defendant to one to five years all suspended and placed him on probation. One of the conditions of defendant's probation was that he complete sex offender counseling.

On December 3, 1996, defendant's probation officer filed a probation violation complaint alleging that defendant was rejected from sex offender counseling because of his denial of the alleged offense. On January 2, 1997, defendant filed a motion with the court seeking to withdraw his guilty plea pursuant to V.R.Cr.P. 32(d). The court orally granted the motion on February 10, 1997. The State moved for reconsideration, and the court reversed its prior decision, determining that it lacked jurisdiction to consider defendant's motion because he was "in custody under sentence."

V.R.Cr.P. 32(d) provides in relevant part:

> A motion to withdraw a plea of guilty . . . may be made only by a defendant who is *not in custody under sentence*. The motion must be made prior to or within 30 days after the date of entry of judgment, except that a defendant whose sentence does not include a term of imprisonment may make the motion at any time. . . . If the motion is

made after sentence, the court may set aside the judgment of conviction and permit withdrawal of the plea only to correct manifest injustice.

(Emphasis added.) Defendant argues that a person placed on probation pursuant to a suspended sentence is not "in custody under sentence" for purposes of Rule 32(d). The State responds that such a defendant is "in custody under sentence" and, therefore, may challenge his conviction only by filing a petition for post-conviction relief (PCR) pursuant to 13 V.S.A. § 7131.

■ Defendant first argues that Rule 32(d) is a remedial measure and as such should be construed broadly to permit a defendant to withdraw his guilty plea even when the defendant may seek relief under the PCR statute. In support of this argument, defendant compares V.R.Cr.P. 32(d) to Vermont's wrongful death statute, a remedial measure that is to be liberally construed. See, e.g., *Clymer v. Webster*, 156 Vt. 614, 596 A.2d 905 (1991). The wrongful death statute was "designed to allay the harsh common law rule denying liability due to the death of the victim." *State v. Oliver*, 151 Vt. 626, 629, 563 A.2d 1002, 1004 (1989). Rule 32(d), by contrast, is a rule of criminal procedure, not a remedial statute, and therefore does not merit a liberal construction.

Defendant further argues that our case law defining "custody" for purposes of the PCR statute is not dispositive of the meaning of "in custody under sentence" for purposes of Rule 32(d). We disagree. Both Rule 32(d) and the PCR statute employ the identical phrase, "in custody under sentence," precisely for the purpose of establishing exclusive remedies. Thus, logic dictates that the same meaning must be attributed to the term in both contexts.

We addressed the relationship between Rule 32(d) motions and PCR petitions in *State v. Cooley*, 135 Vt. 409, 377 A.2d 1386 (1977). In *Cooley* we determined that the defendant could not withdraw his plea under Rule 32(d) while he was serving his sentence because, where post-conviction relief was available to the defendant under 13 V.S.A. § 7131, the district court was without jurisdiction to consider a Rule 32(d) motion. See *id.* at 411, 377 A.2d at 1387. This holding was based on our determination that Rule 32(d) was not intended to provide a procedure for obtaining post-conviction relief separate and apart from the post-conviction relief statute. See *id.*; see also Reporter's Notes, 1980 Amendment to V.R.Cr.P. 32(d) (Rule 32(d) applicable only when post-conviction relief unavailable).

Rule 32(d) was subsequently amended to incorporate our holding in *Cooley* by requiring that a defendant not be "in custody under sentence" in order to invoke relief under Rule 32(d). The phrase "in custody under sentence" is borrowed from the language of the PCR statute and "[i]ts use makes clear that the procedure of the rule applies only when the statutory relief procedure is inapplicable." Reporter's Notes, 1980 Amendment to V.R.Cr.P. 32(d); see also *Cooley*, 135 Vt. at 411, 377 A.2d at 1387 (Rule 32(d) not intended to provide another post-conviction forum). We therefore conclude that the phrase "in custody under sentence" as used in Rule 32(d) has the same meaning as it does under the PCR statute.

Defendant next contends that he is not "in custody under sentence" as it is used in Rule 32(d) because his sentence has been suspended and he has been placed on probation. We disagree. First, a defendant need not be incarcerated to be "in custody." "[A] significant restraint on personal liberty" is sufficient to meet the requirement. *In re Stewart*, 140 Vt. 351, 360, 438 A.2d 1106, 1109 (1981); accord *In re Liberty*, 154 Vt. 643, 644, 572 A.2d 1381, 1382 (1990). Mandatory supervision by judicial officers coupled with the possibility of imminent incarceration without a formal trial and criminal conviction are sufficient restrictions of a defendant's liberty to constitute custody. See, e.g., *Liberty*, 154 Vt. at 644, 572 A.2d at 1382. Both of these factors are present in this case. Defendant's probation was conditioned upon, inter alia, his completion of sex-offender counselling, residing where his probation officer directed, and having no unsupervised contact with minors. In the event defendant violates his probation, he may be ordered to serve the sentence that has been suspended. See *State v. Therrien*, 140 Vt. 625, 627-28, 442 A.2d 1299, 1301 (1982). These restraints on defendant's personal liberty are sufficient to constitute custody.

■ Defendant argues, however, that even if he is in custody, it is custody under a probation warrant, not "under sentence." Defendant cites 28 V.S.A. § 203, which provides that:

(a) Whenever a probationer is placed in the custody of the commissioner, the court shall furnish the commissioner with *a warrant* . . . .

(b) *The warrant* shall be full authority for the exercise by the commissioner of all the rights and powers over and in relation to the probationer prescribed by law and by the order of the court.

(c) *The warrant* shall be sufficient authority for the apprehension and detention of the probationer by the commissioner or by any officer acting under his direction at any time or place.

(Emphasis added.) We do not find this argument persuasive. The relevant question is not whether defendant is incarcerated or placed on probation, but whether the trial court has imposed sentence. After defendant pled guilty, the trial court sentenced him to one to five years and, pursuant to § 205, suspended the entire sentence and placed him on probation. Section 205, entitled "Probation," provides that, "*[a]fter passing sentence*, a court may suspend all or part of the *sentence* and place the person *so sentenced* in the care and custody of the commissioner . . . ." Thus, while it is true that defendant is in the custody of the commissioner under the probation warrant, the probation warrant was issued as part of defendant's sentence. We conclude, therefore, that defendant is "in custody under sentence" for purposes of Rule 32(d) and the PCR statute. Accordingly, the proper avenue for defendant to challenge his conviction is through a PCR petition.

*The certified question is answered in the negative.*