# State of Vermont v. Michael Yates

[726 A.2d 483]

No. 97-191

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed January 8, 1999

*Paul Finnerty*, Washington County Deputy State's Attorney, Barre, for Plaintiff-Appellee.

*Robert Appel*, Defender General, and *Anna Saxman*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Johnson, J.** Defendant appeals from an order of the Washington District Court denying his motion to withdraw his guilty plea to a charge of aggravated domestic assault, arguing that the trial court

did not comply with V.R.Cr.P. 11(f). We reverse and remand for the trial court to give defendant the opportunity to withdraw his plea.

Defendant agreed to plead guilty to charges of first-degree aggravated domestic assault and simple assault arising out of an altercation involving his then-wife and her friend Steve Machia. The resulting plea agreement provided that defendant would receive a four-year deferred sentence on the domestic assault charge and a zero- to one-year suspended sentence on the simple assault charge. At a November 12, 1996 status conference, the trial court accepted the plea agreement, entered judgment, and sentenced defendant according to the agreement. Defendant subsequently signed a probation order imposing numerous probation conditions.

On February 13, 1997, defendant was arrested and charged with violating four separate conditions of his probation. After a merits hearing, the trial court found three violations of probation. The court revoked defendant's deferred sentence and continued the sentencing hearing pending a presentence investigation. The report of the presentence investigation was filed on March 18, 1997, and sentencing was set for May 7, 1997. Thereafter, on May 2, 1997, defendant filed a motion to withdraw his plea of guilty to the charge of aggravated domestic assault. The trial court heard the motion and denied it, concluding that defendant had brought it in bad faith and that he must demonstrate actual prejudice in order to withdraw his plea. The court sentenced defendant to serve the zero- to one-year sentence on the simple assault charge, and to serve a concurrent three- to twelve-year sentence on the aggravated domestic assault charge. This appeal follows.

## I.

Initially, the State contends that we need not reach the merits of this appeal because the court lacked jurisdiction to consider defendant's motion to withdraw his guilty plea pursuant to V.R.Cr.P. 32(d). Rule 32(d) provides in relevant part:

> A motion to withdraw a plea of guilty . . . may be made only by a defendant who is not in custody under sentence. The motion must be made prior to or within 30 days after the date of entry of judgment, except that a defendant whose sentence does not include a term of imprisonment may make the motion at any time.

The State contends that defendant was "in custody under sentence" because the conditions of his probation imposed significant restraints

upon his personal liberty that were sufficient to constitute custody. We agree with the State that defendant was in custody. See *State v. Wargo*, 168 Vt. 231, 234, 719 A.2d 407, 409-10 (1998) (post-sentence probation conditions are sufficient to constitute custody); see also *In re Liberty*, 154 Vt. 643, 644, 572 A.2d 1381, 1382 (1990) (indicia of custody include placement under supervision or direction of judicial officer, or possibility of incarceration without formal trial and criminal conviction). Nevertheless, we conclude that defendant was not "in custody *under sentence*." V.R.Cr.P. 32(d) (emphasis added).

As we recently held in *Wargo*, a defendant is "in custody under sentence" only when the custody is pursuant to a sentence imposed by the court. See *Wargo*, 168 Vt. at 235, 719 A.2d at 410. In *Wargo* the trial court sentenced defendant, then suspended the sentence and placed him on probation. We concluded that the defendant was "in custody under sentence" because the probation was pursuant to a sentence. See *id.*

■ Here, however, the court deferred sentencing and placed defendant on probation for the duration of the deferral. Unlike a suspended sentence, a deferred sentence is not a sentence at all. It is only upon a violation of the terms of probation or the deferred sentence agreement that a court may "impose sentence." See 13 V.S.A. § 7041(b). Upon fulfillment of such terms, the adjudication of guilty is stricken, and the defendant is discharged without ever having been sentenced. See *id.* Thus, in the instant case, while defendant was in custody, he was not in custody under sentence.

■ The State further argues that the trial court lacked jurisdiction to entertain defendant's motion because it was not filed within 30 days from the date that the Rule 32(b) judgment was entered. Defendant pleaded guilty and agreed to the deferred sentence on November 12, 1996.[1] Thus, the State concludes that defendant's motion, filed on May 5, 1997, was not timely. Rule 32(d) expressly provides an exception to the 30 day requirement, however, for defendants not sentenced to a term of imprisonment. Such defendants may move to withdraw their plea "at any time." See V.R.Cr.P. 32(d). The State makes much of language in the Reporter's Notes stating that this exception is necessary to provide a remedy to those defendants who cannot avail themselves of the statutory post-

---

[1] We assume without deciding that this is the proper date from which the 30 day period is calculated. See V.R.Cr.P. 32(b).

conviction relief because they are sentenced only to pay a fine. Although the State contends this language operates to limit the availability of this exception only to defendants sentenced to pay a fine, we conclude that this is merely an illustrative example. The determinative factor is whether the defendant may avail himself of post-conviction relief under 13 V.S.A. § 7131. Like defendants sentenced only to pay a fine, defendants who are on probation pursuant to a deferred sentence are precluded from seeking post-conviction relief because they are not "in custody under sentence." We conclude therefore that defendant's motion was not subject to the 30 day filing requirement. Consequently, the trial court properly determined that it had jurisdiction to hear defendant's motion to withdraw his guilty plea.

## II.

We now turn to the merits of defendant's appeal. Defendant argues that the trial court should have permitted him to withdraw his plea of guilty to the aggravated domestic assault charge because the trial court failed to explain the elements of the offense to him and failed to determine whether there was a factual basis for the plea as required by V.R.Cr.P. 11(f). We agree that the court did not conduct a sufficient inquiry into the factual basis for the plea.

The following represents the full extent of the court's inquiry into the facts of the case:

THE COURT: Now, what happened that night? How did you get involved in this mess?

. . . .

[Defendant]: I was going to go hunting and I came down to get my youngest daughter . . . and I knocked on the door and [my daughter] opened up the door and I was standing on the steps and my wife Susan was standing inside and I asked her if I could come in. She said it was all right, so I came in. And [Machia] ki[n]d of grabbed me by the throat and took me up off the ground and was choking me, and I couldn't seem to get him loose. And my youngest daughter was trying to get him to let me go. And seeing how I couldn't get him loose, I had my nine millimeter in my back that I take with me when I go hunting. It had been empty, but I figured maybe I could scare him and I scared him out of the house.

THE COURT: Well, that's a defense.

[Defendant]: Yes, well, it's the truth.

[State's Attorney]: Well, there is some dispute as to what the facts are, Judge.

THE COURT: I didn't express that I necessarily believed him or disbelieved him. I understand there's a different side of this case, but I want to work this side of the case first.

In its colloquy with defendant, the court elicited from defendant only facts concerning the altercation with Machia. No mention was made of any altercation with defendant's wife or any conduct with respect to her that could have formed the basis for the charge of aggravated domestic assault.

This failure to question defendant as to the factual basis with respect to the aggravated domestic assault charge is a substantial—in fact, total—violation of Rule 11(f). Rule 11(f) requires that, "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." While the court may obtain facts from other sources, including the prosecutor and the presentence report, see Reporter's Notes, V.R.Cr.P. 11, ultimately, the court's inquiry into the accuracy of the plea must be addressed personally to the defendant. This is because the factual basis for the plea may consist only of facts that defendant has admitted during the proceedings at which the plea is entered. While few Vermont cases have turned on an interpretation of Rule 11(f), those that have consistently require that the defendant admit to and possess an understanding of the facts as they relate to the law for all elements of the charge or charges to which the defendant has pleaded. See *In re Dunham*, 144 Vt. 444, 450, 479 A.2d 144, 148 (1984) (Rule 11(f) violated where factual basis for single element of charge not established); *In re Kasper*, 145 Vt. 117, 120, 483 A.2d 608, 610 (1984) ("The record must reveal that the elements of each offense were explained to the defendant and that a factual basis for each element was admitted."); cf. *In re Kivela*, 145 Vt. 454, 459, 494 A.2d 126, 129 (1985) (no violation of Rule 11(f) where charges were read to defendant and defendant admitted to acts underlying each offense). This interpretation is supported by an analysis of Rule 11(f) in the context of the rule as a whole and by the United States Supreme Court's interpretation of the federal counterpart to Rule 11.

The purpose of the federal version of Rule 11, upon which Vermont's rule is based, see Reporter's Notes, V.R.Cr.P. 11, is to assure compliance with the requirements set forth in *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969): that a defendant's plea of guilty must be knowing and intelligent. See *McCarthy v. United States*, 394 U.S. 459, 465 (1969) (Rule 11 "is designed to assist the [trial] judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary"). Rule 11 accomplishes this through a series of substantive and procedural requirements. For instance, Rule 11(c) requires that a court address the defendant personally and in open court to determine that the defendant understands, among other things, the nature of the charge. See V.R.Cr.P. 11(c). Rule 11(d) requires the court to address the defendant to determine that the plea is in fact voluntary. See V.R.Cr.P. 11(d). Rule 11(f) requires an inquiry into the factual basis or accuracy of the plea. See V.R.Cr.P. 11(f). Finally, Rule 11(g) requires that

> [a] verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea.

V.R.Cr.P. 11(g).

Rule 11(g) provides the procedural mechanism for implementing Rules 11(c), 11(d), and 11(f). See Reporter's Notes, V.R.Cr.P. 11. It leaves no room for doubt that the inquiry into the factual basis for the plea must be recited during the proceedings at which the defendant enters the plea. By failing to do so, the trial court in this case violated both Rule 11(g), the procedural requirement, and Rule 11(f), the substantive requirement that Rule 11(g) seeks to implement. The fact that the court's advice to defendant, the inquiry into voluntariness of the plea, and the inquiry into accuracy are all required to appear in the transcript of the plea proceeding inevitably leads to the conclusion that all three requirements must be met through personal address of the defendant.

This is in accord with the United States Supreme Court's interpretation of the federal counterpart to Rule 11. *McCarthy*, the principal case on Rule 11, has been unanimously adopted in Vermont. See *State v. Ibey*, 134 Vt. 140, 142, 352 A.2d 691, 692 (1976). The Court held in

*McCarthy* that a trial judge must personally address the defendant to determine compliance with Rule 11. See *McCarthy*, 394 U.S. at 467. The reason for this strict requirement is to avoid any confusion or uncertainty as to whether a defendant's plea was voluntary, and thus to reduce the number of post-conviction challenges to pleas. See *id.* at 466-67.

*McCarthy* concerned an allegation that the trial court violated the federal version of Rule 11 by failing to establish that the defendant understood the nature of the charge. The Court held that "[t]he judge must determine 'that the conduct which the defendant admits constitutes the offense charged.'" See *id.* at 467 (citing Notes of Advisory Committee on Criminal Rules, Fed. R. Crim. P. 11). This necessarily requires a conversation with defendant regarding whether or not the defendant admits to the alleged conduct. *McCarthy* makes the purpose of this requirement clear:

> Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."

> To the extent that the [trial] judge thus exposes the defendant's state of mind on the record through personal interrogation, he not only facilitates his own determination of a guilty plea's voluntariness, but he also facilitates that determination in any subsequent post-conviction proceeding based upon a claim that the plea was involuntary.

*Id.* at 467 (citing Notes of Advisory Committee on Criminal Rules, Fed. R. Crim. P. 11). The accuracy of the factual basis goes to the defendant's understanding of the relationship between the law and the facts,[2] which ultimately goes to voluntariness. See *Kasper*, 145 Vt.

---

[2] The inquiry into whether there is a factual basis for the plea is thus a necessary predicate for a finding that a defendant understood the nature of the charge. This is required by Rule 11(c), which, though not raised by defendant in his brief, was also violated by the court when it failed to inquire into the factual basis of the aggravated domestic assault charge and failed to mention in even the most cursory manner the elements of the charge. We have previously held that a mere technical violation of Rule 11(c) will not invalidate a guilty plea absent a showing of prejudice. See *In re Hall*, 143 Vt. 590, 594-95, 469 A.2d 756, 759 (1983) (court is not required to read verbatim rights enumerated in Rule 11(c)). However, our holding in *Hall* was specifically limited to

at 119, 483 A.2d at 610-11 (where court did not explain law in relation to facts, plea is not entered knowingly and voluntarily); *Dunham*, 144 Vt. at 449, 479 A.2d at 147 ("[A] violation of Rule 11(f) goes directly to the voluntariness of the plea as articulated in *Boykin*."). The defendant's understanding cannot be probed except through personal interrogation, which then appears in the record of the proceedings.

In this case, an affidavit of the arresting officer contained a description of an altercation between defendant and his then-wife. Although our holding in *State v. Whitney*, 156 Vt. 301, 303, 591 A.2d 388, 389 (1991), suggested that an affidavit alone might form a sufficient factual basis for a plea of guilty, Rule 11(g) and the decision of the United States Supreme Court in *McCarthy* make clear that, absent a confirming colloquy with the defendant, a court's own knowledge of certain facts cannot satisfy the requirements of Rule 11(f). We therefore clarify that *Whitney* stands only for the proposition that an affidavit may be a source of facts to support the plea, but that the defendant must subsequently admit to these facts in the plea colloquy to demonstrate that there is a sufficient factual basis.

The *McCarthy* decision states that an additional purpose of Rule 11 is

> to produce a complete record at the time the plea is entered of the factors relevant to [the] voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas.

*McCarthy*, 394 U.S. at 465. Had the trial court observed Rules 11(f) and 11(g) in this case, it is possible that this guilty plea could have stood. Absent the required record, doubt as to the plea's voluntariness compels reversal.

### III.

■ We agree with the State's assertion that, because defendant's Rule 32(d) motion was made after his sentence was deferred,

---

technical violations of the rule, and therefore does not govern a situation where, as here, a colloquy on a charge was entirely omitted. Under such circumstances, a violation of Rule 11(c), the function of which is to assure that the knowing requirement of *Boykin* is met, may also be manifest injustice. See discussion *infra* section III.

defendant may withdraw his plea only if he demonstrates manifest injustice. See V.R.Cr.P. 32(d) (where motion to withdraw plea of guilty is made "before sentence is imposed or deferred," withdrawal may be permitted for any fair and just reason, however, where motion is made "after sentence," manifest injustice must be demonstrated). We interpret "after sentence" in this context to mean after sentence is imposed or deferred, as this interpretation renders the rule's provisions consistent with one another. Allowing a guilty plea to stand when the record discloses no factual basis for the plea "would work a complete miscarriage of justice." *Dunham,* 144 Vt. at 451, 479 A.2d at 148. We therefore conclude that defendant has made the requisite showing.

In light of this holding, we need not reach defendant's other argument.

*Reversed and remanded.*