## STATE of Vermont v. Stephen J. BROOKS

[750 A.2d 1000]

No. 98-488

January 27, 2000. Defendant Stephen Brooks appeals from the district court's denial of defendant's motion to withdraw his guilty plea. We hold that the court had no jurisdiction to consider defendant's motion, and vacate the order.

The relevant facts are not in dispute. In 1995 and 1996, defendant was convicted of several charges, including one count of obstruction of justice, and was placed on probation. Subsequently, defendant faced other criminal charges and several outstanding probation violation complaints, including a complaint that he had violated the terms of his probation regarding the obstruction of justice conviction. The State and defendant, who was represented by counsel, entered into a plea agreement that included an admission to this probation violation. The parties agreed to a total sentence of eighteen months to five years, with a credit of six

---

months and twenty days, and a recommendation that defendant be placed in work camp. After engaging in the requisite colloquy, see V.R.Cr.P. 11(c), the court accepted the plea agreement and the recommended sentence.

Soon after defendant began serving his sentence, he discovered that he was ineligible for, and would not be placed in, work camp because, under Department of Corrections guidelines, a person convicted of a violent crime was ineligible for work camp, and defendant had been convicted of obstruction of justice, which the Department considered a violent crime.

Pursuant to V.R.Cr.P. 32(d), defendant filed a motion to withdraw his plea, arguing that his plea was not voluntary because it was based on his belief that he would be placed in work camp. Therefore, defendant contended, enforcing the agreement would result in manifest injustice. The State opposed the motion on the merits, and also argued that the court had no jurisdiction over the motion. The court denied the motion on the merits without reaching the State's jurisdictional argument. The court found the recommendation of placement in work camp to be just that, a recommendation, and not a guarantee, and found that defendant's belief that it was a guarantee was not reasonable. Defendant filed a motion to reconsider, which the court summarily denied. This appeal followed.

Defendant argues that the court erred in denying his motion. According to defendant, given his circumstances, the recommendation of work camp was a factual impossibility. Therefore, he contends, his plea was not voluntary, and enforcing the agreement would result in "manifest injustice." V.R.Cr.P. 32(d). Thus, defendant argues, the court should have permitted him to withdraw his plea. The State, however, contends that the court had no jurisdiction over the motion in the first instance, and alternatively, that the court's decision on the merits was correct.

We agree that the court lacked jurisdiction.

V.R.Cr.P. 32(d) provides, in pertinent part:

> A motion to withdraw a plea of guilty or of nolo contendere may be made only by a defendant who is not in custody under sentence. The motion must be made prior to or within 30 days after the date of entry of judgment, except that a defendant whose sentence does not include a term of imprisonment may make the motion at any time. . . . If the motion is made after sentence, the court may set aside the judgment of conviction and permit withdrawal of the plea only to correct manifest injustice.

Defendant argues that the court had jurisdiction over his motion because he brought it within thirty days of the date of entry of judgment. The State counters that, because defendant is in custody under sentence, he may not bring the motion in the first instance. Defendant does not dispute that he is in custody under sentence. Rather, he argues that the rule should not be read literally. Defendant notes that, for purposes of determining the timeliness of a motion to withdraw, the second sentence of the rule distinguishes between defendants whose sentences include imprisonment and those whose sentences do not include imprisonment. Further, defendant points out that, under *State v. Wargo*, 168 Vt. 231, 719 A.2d 407 (1998), a defendant need not be incarcerated to be deemed in custody for purposes of V.R.Cr.P. 32(d); rather, the test is whether the defendant has had a significant restraint imposed on his or her personal liberty. See *id.* at 234, 719 A.2d at 409. According to defendant, any defendant who has been sentenced, even when he or she has not actually begun

serving the sentence, has had a significant restraint imposed upon his or her personal liberty. Therefore, defendant argues, any defendant who has been sentenced is necessarily in custody under sentence, and, if the rule were read literally, no defendant who has been sentenced could file a motion to withdraw under V.R.Cr.P. 32(d). Consequently, defendant argues, a literal reading of the rule would render meaningless the rule's distinction between defendants whose sentences include imprisonment and those whose sentences do not include imprisonment. Thus, he urges us to disregard the first sentence of the rule.

We do not agree that the imposition of a sentence, in and of itself, necessarily imposes significant restraints on personal liberty. See *State v. Yates*, 169 Vt. 20, 22, 726 A.2d 483, 485 (1999) (drawing distinction between "in custody" and "under sentence"). Indeed, in *Wargo*, we noted that whether a defendant has had significant restraints imposed upon his or her liberty is a factual determination. See *Wargo*, 168 Vt. at 234, 719 A.2d at 409 ("Mandatory supervision by judicial officers coupled with the possibility of imminent incarceration without a formal trial and criminal conviction are sufficient restrictions of a defendant's liberty to constitute custody. . . . Both of these factors are present in this case."). However, those factors will not necessarily be present in every case in which a defendant has been sentenced but has not yet begun serving the sentence. Therefore, we read the rule according to its terms: under V.R.Cr.P. 32(d), a defendant who is in custody under sentence may not file a motion to withdraw his or her guilty plea.

Furthermore, under 13 V.S.A. § 7131, a defendant who is in custody under sentence may challenge his or her conviction by filing a petition for post-conviction relief. However, as we emphasized in *Wargo*, such a defendant may not file a motion under V.R.Cr.P. 32(d). See *id.* at

234, 719 A.2d at 409 (fact that V.R.Cr.P. 32(d) provides that motion to withdraw may be made only by defendant who is not in custody under sentence "'makes clear that the procedure of the rule applies only when the statutory relief procedure [13 V.S.A. § 7131] is inapplicable.'") (quoting Reporter's Notes, 1980 Amendment to V.R.Cr.P. 32(d)); *Yates*, 169 Vt. at 23, 726 A.2d at 485 ("The determinative factor is whether the defendant may avail himself of post-conviction relief under 13 V.S.A. § 7131."). Therefore, because defendant was in custody under sentence when he brought his motion to withdraw, the court had no jurisdiction to hear the motion. Consequently, we vacate the decision. See *Subud of Woodstock, Inc. v. Town of Barnard*, 169 Vt. 582, 583, 732 A.2d 749, 751 (1999) (in absence of subject-matter jurisdiction, decision below must be vacated).

The State argues that we should affirm the decision because the court reached the correct result, albeit for the wrong reason. However, we will not consider either the court's reasoning or the merits of its decision because the court had no authority over the motion in the first instance. See *Verrill v. Dewey*, 130 Vt. 627, 633, 299 A.2d 182, 185 (1972) (when court lacks subject-matter jurisdiction, it has no authority to consider issue).

*Order vacated and cause remanded for entry of an order dismissing the motion for lack of jurisdiction.*