*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-230

MARCH TERM, 2013

| | |
|---|---|
| In re Carrie Newton | } APPEALED FROM: |
| | } |
| | } Superior Court, Rutland Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 548-8-11 Rdcv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the superior court's order granting the State summary judgment with respect to her post-conviction relief (PCR) petition. We affirm.

In February 2011, as part of a plea agreement, petitioner pled guilty to charges of selling cocaine, possessing cocaine, possessing a narcotic drug, and driving with a suspended license. During the plea colloquy, petitioner stated, in response to questioning from the criminal court, that she had read and understood the charges and was voluntarily waiving her rights and entering guilty pleas to the charges. The court read each charge, and petitioner acknowledged having committed the offenses. The court then accepted the guilty pleas, finding that there was a factual basis for each charge.

In February 2012, petitioner filed her amended PCR petition, asserting that her guilty pleas must be vacated because the court failed to elicit a factual basis for the underlying charges, as required by Vermont Rule of Criminal Procedure 11(f). The State and petitioner filed cross-motions for summary judgment. In a June 27, 2012 decision, the superior court denied petitioner's motion and granted the State's motion. The court ruled that the plea colloquy substantially complied with Rule 11(f). The court noted that the charges against petitioner did not include elements such as willfulness "requir[ing] a particularized identification of supporting facts" and were not factually complex so as to require "a careful clarification as to what specific facts satisfy specific necessary elements of each offense." The court further noted that each charge read by the court included a factual description of the conduct underlying the charge, and that, in response to the court's inquiries, petitioner acknowledged that she had engaged in the conduct that formed the factual basis for each charge. According to the court, petitioner's answers to the court's direct inquiries concerning the factual basis for each offense satisfied Rule 11(f).

On appeal, petitioner argues that the plea colloquy in this case did not satisfy Rule 11(f) insofar as: (1) there was no recounting of any facts by the court or petitioner; (2) petitioner never indicated that she understood the law in relation to the facts; and (3) petitioner was not asked, and never acknowledged, if the State could prove each of the elements of each of the crimes. We find no error in the superior court's conclusion that there was substantial compliance with Rule 11(f).

Rule 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that

there is a factual basis for the plea." The rule "is intended to prevent the entry of false guilty pleas in situations where, for example, the defendant does not completely understand the elements of the charge or realize that he has a defense." In re Miller, 2009 VT 36, ¶ 9, 185 Vt. 550 (citing Reporter's Notes, V.R.Cr.P. 11). Thus, the "heart" of the rule "is the goal of preventing defendants from pleading guilty when the conduct they engaged in does not fall within the charge." Id. Accordingly, the rule is aimed at assuring "that the defendant understand[s] that the conduct admitted violates the law as explained by the court." State v. Blish, 172 Vt. 265, 273 (2001) (citing State v. Yates, 169 Vt. 20, 25 (1999)).

For this reason, whether a plea colloquy is sufficient to satisfy Rule 11(f) varies depending on the complexity of the charges or the doubtfulness of the circumstances leading to the charges. See State v. Whitney, 156 Vt. 301, 303 (1991). The rule is not ritualistic in nature; rather, "we require only substantial compliance with the requirements of the rule," which varies with the circumstances. State v. Cleary, 2003 VT 9, ¶ 15, 175 Vt. 142.

Here, as the superior court found, the charges were not complex in nature. Nor is there any indication that the circumstances surrounding the charges were doubtful. At the start of the plea colloquy, the court went over each of the charges individually and asked defendant if she understood that the State would have to prove the elements of each charge as set forth by the court. Defendant assured the court that she understood the charges and that she had reviewed the plea agreement with her attorney. The court then went over each of the charges again, asking defendant if she admitted that: (1) on January 7, 2010, she knowingly sold cocaine to a confidential informant in Rutland; (2) on October 7, 2010, she knowingly possessed 2.5 grams or more of cocaine; (3) on November 9, 2009, she knowingly possessed a narcotic drug; and (4) on September 19, 2010, she operated a motor vehicle on a public highway at a time when her driver's license had been suspended. Defendant admitted to the stated facts and the charges. The court then found a factual basis for each charge.

We find no basis to overturn the superior court's conclusion that the plea colloquy in this case satisfied Rule 11(f). Defendant admitted to specific facts that support the elements of the specific charges. She indicated she understood the charges, which were not legally complex. The purpose of Rule 11(f) is not undermined by the fact that the court did not ask defendant if the State could prove the charges against her—she herself admitted to the elements of each of the charges. This case is not comparable to Yates, where we held that the trial court's failure to establish any factual basis for an aggravated domestic assault charge was a total violation of Rule11(f). 169 Vt. at 24.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

2