Wilkinson v. State of Vermont, No. 490-10-12 Wmcv (Carroll, J., May 6, 2013)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Windham Unit** | **CIVIL DIVISION**<br>**Docket No. 490-10-12Wmcv** |

---

**Rebecca Wilkinson**
 Petitioner

 **v.**

**State of Vermont**
 Respondent

---

### ORDER ON PETITIONER'S MOTION FOR SUMMARY JUDGMENT

### Factual Background

In this post-conviction relief action, Petitioner filed a motion for summary judgment and asked the Court to vacate her guilty plea to aggravated domestic assault due to a failure of the judge to find a sufficient factual basis for the plea.

The facts are not in dispute as the Court need only examine the transcript of the change of plea hearing on August 4, 2012. (Petitioner's Exhibit B). At the hearing, Petitioner was represented by counsel and plead guilty to aggravated domestic assault and disorderly conduct in one docket and two counts of simple assault in another.

During the hearing, Petitioner told the judge that, "I understand everything going on." Exhibit B at p. 7. Judge Suntag asked the State to clarify the elements of the offense on which it relied and the State indicated that it would seek a plea to "attempting to use" a deadly weapon, which was a knife. *Id.* at 9. The Court then began a colloquy with Petitioner and told her the charged alleged she "attempted to use, that is you tried to use a deadly weapon being a knife on another person who was a family or household member being Lee Godden. Do you understand that charge?" *Id.* The Court then addressed the other elements of the charge:

COURT: Had you lived with him in the past?

PETITIONER: Recently before that. Yes, Sir.

COURT: Okay. And on this occasion did you try to stab him with a knife or cut him in some way with a knife?

COUNSEL: She was aiming for the tires of another person to stab the tires when Mr. Godden got in her way to stop her, avenger her—when she started swinging the knife at him, stabbing him in the arm.

COURT: Okay. Is that what happened?

PETITIONER: Yes.

COURT: So when you were doing that you were trying to at least—cut him.

PETITIONER: I was not—going to stab him. I was trying to pop the tires. Yes.

COURT: But he was in the way—

PETITIONER: And he had tried to stop me and it hit the back of his arm.

COURT: When he tried to stop you and got in your way did you see him there as you were continuing to move the knife around?

PETITIONER: Yes, sir.

COURT: So when you were continuing to do that did you know you were going to—I mean were you—

PETITIONER: I didn't purposely try to hurt him, no. But—

COUNSEL: No. He's not saying if you had—that you intended to stab him. But you knew he was in front of you, you knew he was trying to stop you, and you were swinging the knife as you were trying to get to the tires. Correct?

PETITIONER: No.

*Id.* at 10–11. The Court, Petitioner and counsel thereafter continued to discuss what occurred during the alleged incident, as the Court was having trouble reconciling Petitioner's and her attorney's statements on the facts. Finally, the following occurred:

COUNSEL: She was not going to let go of the knife…and she wasn't going to stop until she got to those tires. He wasn't going to let her because they were tires of a close friend.

COURT: Uh-huh.

COUNSEL: And in that struggle she cut him. She acknowledged she cut him. He suffered an injury. And she was doing that while attempting to commit a crime being—(indiscernible) mischief.

2

> COURT: What that sounds to me—the element that's made out is a use of a deadly weapon on a family or household member as opposed to attempting to use.

> COUNSEL: That would be true.

*Id.* at 13. Based upon this discussion, the State agreed to rely on the element of aggravated assault which allows a conviction when a person uses a deadly weapon on a family or household member, rather than on an attempt to use a deadly weapon on a family or household member. The Court then stated that, "Because she did in fact wind up using the knife on him resulting in him being cut. And he was a family household member at the time and it was her fault. Is that correct?" *Id.* at 14. The Court then asked Petitioner if this was accurate and she replied, "Yes, your honor." When asked whether she was sure, she responded, "Yes." *Id.* The Court then explained to Petitioner that, "This is serious" and Petitioner acknowledged, "…yes, I know this is very serious." The Petitioner admitted to being "at fault" and indicated that she was aware of the potential penalty for aggravated domestic assault. *Id.* at 14–15. After a further colloquy, Petitioner plead guilty to using a deadly weapon on a family or household member." *Id.* at 22. After a plea to all charges, the Court stated, "We'll find all pleas are knowing and voluntary. All charges are factually supported…" *Id.* at 23.

## Procedural History

Petitioner filed a motion for summary judgment on February 14, 2013. The State opposed the motion for summary judgment on April 2, 2013.

## Standard of Review

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635. Nevertheless, the non-moving party cannot rely solely on the pleadings to rebut credible evidence. *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 5, 175 Vt. 413.

## Discussion

The issue in this case is whether the Court established the factual basis for Petitioner's guilty plea. According to V.R.Cr.P. 11(f), a court must determine the accuracy of a guilty plea. "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such a plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." "[F]ailure to question defendant as to the factual basis with respect to the aggravated domestic assault charge is a substantial-in fact, total-violation of Rule 11(f)." *State v. Yates*, 169 Vt. 20, 24 (1999). For a plea to be valid the defendant must admit all of the relevant underlying facts. *See id.* at 24, 26. Failure to conform to Rule 11(f) requires the Court to set aside the guilty

plea. *See id.* at 27; *see also In re Medina*, No. 2006-226, 2007 WL 5315455, at *1–3 (setting aside a guilty plea of aggravated domestic assault for the court's failure to establish the underlying facts).

Among other things, aggravated domestic assault occurs where a person "uses, attempts to use or is armed with a deadly weapon and threatens to use the deadly weapon on a family or household member…" 13 V.S.A. § 1043(a)(2). Household members include people who "for any period of time, are living or have lived together." 15 V.S.A. § 1101(2); *see* 13 V.S.A. § 1041 (directing the court to 15 V.S.A. § 1101 for the definition of household member in a domestic assault). A deadly weapon is "any firearm, or other weapon, device, instrument… which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury." 13 V.S.A. § 1021(3). For the purpose of aggravated domestic assault, a knife is a deadly weapon. *See State v. Prior*, 174 Vt. 49, at 52–53 (2002).

In this case, the record indicates the Court addressed the underlying facts of the aggravated domestic assault. Petitioner admitted she used a knife to cut a former boyfriend. Petitioner admitted that she had lived with the victim in the past, satisfying the household member requirement. *See* 15 V.S.A. § 1101(2). A knife is a deadly weapon in an aggravated assault prosecution. *See Prior*, 174 Vt. at 52–53. Petitioner admitted fault. All of the statutory requirements are present and the Court finds the plea colloquy satisfied the requirements of V.R.Cr.P. 11. The Court also addressed the underlying circumstances of the crime with Petitioner at length. The Court must deny Petitioner's motion to for summary judgment because she is not entitled to judgment as a matter of law. *See* V.R.C.P. 56(a).[1]

After reviewing the file, the Court finds the State is entitled to summary judgment. *See id.* There are no disputed material facts and the State is entitled to judgment as matter of law. The State, however, has not moved for summary judgment. Where the Court determines there are no disputed material facts and a party is entitled to judgment as a matter of law, it may enter summary judgment for a nonmovant "[a]fter giving notice and a reasonable time to respond." *See id.* 56(g). The Court now gives notice it intends to enter summary judgment for the State. The parties have thirty days to respond to the Court's order and raise any issues the Court may have overlooked.

### ORDER

The Court ***denies*** Petitioner's motion for summary judgment. Pursuant to V.R.C.P. 56(g), the Court will ***grant*** summary judgment for the State unless the parties respond within thirty days and convince the Court not to enter summary judgment.

---

[1] Petitioner's Amended Petition, filed on February 14, 2013, does not help her cause. Petitioner plead to 13 V.S.A. § 1043(a)(2), not 13 V.S.A. § 1043(a)(1). The Court will not consider whether Petitioner threatened the victim, only whether she used the deadly weapon.

Dated:

                          _____

                          Karen R. Carroll
                          Superior Court Judge