NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2021 VT 91

No. 2020-269

In re Brian Shannon

Supreme Court

On Appeal from
Superior Court, Essex Unit,
Civil Division

June Term, 2021

Mary Miles Teachout, J.

Matthew F. Valerio, Defender General, and Emily Tredeau, Appellate Defender, Montpelier, for
  Petitioner-Appellee.

David Tartter, Deputy State's Attorney, Montpelier, for Respondent-Appellant.

PRESENT: Reiber, C.J., Robinson,[1] Carroll and Cohen, JJ., and Mello, Supr. J.,
        Specially Assigned

¶ 1.    **COHEN, J.** In this post-conviction relief (PCR) action, the State appeals the PCR court's order granting petitioner's motion to amend its previous order and vacate all thirteen convictions for which petitioner entered pleas in 2014. The State argues that the PCR court erred because contract law requires petitioner to be returned to the same position he was in before the plea agreement as to all thirteen charges even though petitioner received and completed deferred sentences for ten of these charges under the plea agreement. We affirm.

---

[1] Justice Robinson was present for oral argument but did not participate in this decision.

¶ 2.     Petitioner had two prior felony convictions when he was charged with three felony counts of aggravated domestic assault in June 2012. In June 2013, while the June 2012 case was awaiting trial, petitioner was charged with two new counts of aggravated domestic assault; one count of felony driving while intoxicated (DWI), third or subsequent offense; and seven misdemeanors. In January 2014, the State's attorney sent petitioner's lawyer a letter stating that if petitioner was convicted of the 2012 charges, the State would seek a sentence enhancement in connection with the 2013 charges. However, the law would not have permitted a habitual offender enhancement to be added to the 2013 charges, because a defendant can only be charged as a habitual offender if they commit a felony at a time when they already have three felony convictions. See 13 V.S.A. § 11. Despite this mistake of law, the State, petitioner's two attorneys, and the trial judge in the 2012 case failed to catch the error. Although petitioner initially refused to plead guilty to a felony before trial, several concerns arose at trial[2] which motivated him to enter a plea for the 2012 and 2013 cases.

¶ 3.     In February 2014, petitioner agreed to plead no contest to three felonies, for which the court sentenced him to one-to-five years on the three counts, two of the sentences to run consecutively. On the remaining ten charges, petitioner pled no contest and received deferred sentences with no required domestic-violence programming. At issue in the present case are the ten deferred sentences.

¶ 4.     Petitioner sought to withdraw his plea shortly after entering it because he learned the Department of Corrections was going to require him to complete domestic violence programming as a condition of the timing of his release from prison, despite the State not requiring

_____

[2] These concerns included petitioner's fear that a family member who failed to appear as a witness could be arrested and charged with criminal contempt of court, the fact that the State dropped its initial plea offer, and the potential for the State to add a habitual-offender enhancement to his 2013 charges.

him to perform it as part of the plea agreement. The criminal division denied the motion to withdraw.

¶ 5. In 2015, petitioner filed this PCR petition seeking to vacate his convictions from the 2012 and 2013 cases due to ineffective assistance of counsel. In July 2020, the PCR court found petitioner proved counsel was ineffective in failing to inform him that there was no risk as a matter of law of a habitual offender sentence enhancement if he were to go to trial and be convicted. The PCR court further found that petitioner proved he was prejudiced by the ineffective assistance of counsel and his plea was not made on a voluntary basis because he did not have accurate information. Based on these findings, the court granted petitioner's PCR petition and issued an order vacating all thirteen convictions for which petitioner entered pleas in February 2014.

¶ 6. In the interim, petitioner completed the terms of his ten deferred sentences, which began in October 2014 and expired in October 2019, without incident. The terms of probation required that petitioner not purchase, possess, or consume alcohol, submit to substance abuse counseling and residential treatment if his probation officer required him to, and comply with other standard conditions of probation. Because petitioner successfully completed the terms of his probation, the ten charges resulting in the deferred sentences were expunged from petitioner's record by law.

¶ 7. Upon advice from new counsel, petitioner filed a motion to amend and/or reconsider the PCR court's July 2020 judgment so that it would not apply to any of the deferred sentences in the plea agreement. The State opposed the modification, arguing that all charges should be returned to their status prior to the plea agreement.

¶ 8. In October 2020, the PCR court granted petitioner's request to amend its prior decision. The PCR court did not respond to the State's contract law claims, instead finding that it lacked jurisdiction over petitioner's deferred sentences and thus could not consider these

3

arguments. The PCR court examined 13 V.S.A. § 7131, which states that a court has jurisdiction over a PCR action when a petitioner is "in custody under sentence" for the conviction being challenged. 13 V.S.A. § 7131; In re Chandler, 2013 VT 10, ¶ 10, 193 Vt. 246, 67 A.3d 261. The PCR court found petitioner was not "under sentence" for the charges that resulted in a deferred sentence. It cited State v. Yates, where this Court held that a deferred sentence is not considered a sentence unless a defendant violates the deferred sentence's terms, and the court imposes a sentence. 169 Vt. 20, 22, 726 A.2d 483, 485 (1999). Therefore, petitioner, who successfully completed the five-year period covered by the deferred sentences, was never "in custody under sentence" for those charges.

¶ 9.    The PCR court similarly concluded here that it did not have jurisdiction to make any ruling as to the ten charges that resulted in deferred sentences and it amended its July 2020 judgment accordingly. The court clarified that it vacated the convictions on petitioner's three remaining charges—the 2012 aggravated domestic assault felony, the 2013 aggravated domestic assault felony, and the 2013 DWI felony—and left the ten deferred sentences and expungements intact.

¶ 10.    The State appeals the PCR court's decision. It argues under contract law that petitioner materially breached the plea agreement when he sought post-conviction relief for some but not all the counts to which he pled no contest pursuant to the plea agreement. As a result, the State asserts, petitioner should be placed in the same position he was in before the plea agreement, with all thirteen charges, including the ten charges for which he completed his deferred sentence, reinstated. We affirm on the grounds that the PCR court did not have jurisdiction to review the ten charges for which petitioner completed the terms of his deferred sentence because he was not in custody under sentence for those charges. This is a pure question of law that we review de novo. In re FitzGerald, 2020 VT 14, ¶ 30, 212 Vt. 135, 229 A.3d 446.

4

¶ 11. The controlling statute is 13 V.S.A. § 7131, which addresses the circumstances under which a person may seek post-conviction relief. Section 7131 states that a person must be "in custody under sentence of a court" to seek relief in the form of vacating, setting aside, or correcting a sentence. In Yates, this Court interpreted the statute as it relates to deferred sentences. 169 Vt. at 22, 726 A.2d at 485. In that case, the defendant pled guilty to first-degree aggravated domestic assault and simple assault, receiving a deferred sentence on the domestic-assault charge and a suspended sentence on the simple-assault charge. Three months later, he was arrested and charged with violating several conditions of probation. The court revoked his deferred sentence and continued the sentencing hearing. Before sentencing, the defendant moved to withdraw his guilty plea to the aggravated domestic assault charge, which the trial court denied after finding he brought it in bad faith and failed to demonstrate actual prejudice. Id. The defendant appealed. Id.

¶ 12. The State argued on appeal that the trial court lacked jurisdiction to consider the defendant's motion to withdraw his guilty plea because, under Vermont Rule of Criminal Procedure 32(d), such a motion may only be made by a defendant who is not in custody under sentence. This Court disagreed, explaining that:

> Unlike a suspended sentence, a deferred sentence is not a sentence at all. It is only upon a violation of the terms of probation or the deferred sentence agreement that a court may "impose sentence." Upon fulfillment of such terms, the adjudication of guilty is stricken, and the defendant is discharged without ever having been sentenced.

Yates, 169 Vt. at 22, 726 A.2d at 485 (citation omitted). The Court ultimately concluded that although the defendant was "in custody, he was not in custody under sentence," and therefore the trial court had jurisdiction to hear his motion. Id.

¶ 13. Similarly, in the present case, petitioner was never "under sentence" for any of the ten charges that resulted in deferred sentences. He completed the five-year period and abided by the terms of the deferred sentences without incident as of October 14, 2019, and the charges were expunged as a matter of law. As a result, he was never "under sentence," as we interpreted that

5

term in Yates. Because 13 V.S.A. § 7131 requires a defendant to be under sentence to obtain post-conviction relief, the PCR court did not have jurisdiction over the deferred sentence charges, and the order was properly modified to reflect that distinction.

¶ 14. As stated above, the PCR court did not address the State's contract law claims in its entry order regarding petitioner's motion to amend. The State argues here, and similarly argued in its response to petitioner's motion to amend, that petitioner "materially breached the plea agreement and therefore both parties to the plea agreement should be placed in the same position in which they were [in] before the plea proceeding." The State relies on this contract theory to claim that the court's lack of jurisdiction is not "decisive."

¶ 15. We disagree. The PCR court cannot expand its statutorily based jurisdiction to include the charges for which petitioner received and completed a deferred sentence. See Subud of Woodstock, Inc. v. Town of Barnard, 169 Vt. 582, 582, 732 A.2d 749, 751 (1999) (mem.) (holding decisions made without jurisdiction must be vacated); Verrill v. Dewey, 130 Vt. 627, 633, 299 A.2d 182, 185 (1972) (concluding that courts have no authority to decide issues in case where they lack subject matter jurisdiction).

¶ 16. As we have held in the past, a determination that the PCR court lacks jurisdiction to review a particular conviction precludes the need to consider other arguments on appeal. For example, in In re LaMountain, the petitioner filed a PCR petition in 1998 requesting the court vacate his 1985 conviction for driving while intoxicated on the grounds that his guilty plea was involuntary and not intelligent. 170 Vt. 642, 752 A.2d 24 (2000) (mem.). As a result of three DWI convictions, including the 1985 conviction, the petitioner's driver's license was revoked for life. The PCR court vacated the 1985 conviction, and the State appealed. On appeal, the State argued the PCR court lacked jurisdiction because the petitioner was not in custody under sentence and the court erred in vacating the 1985 conviction because the petitioner did not fulfill his burden of showing that fundamental errors rendered his conviction defective.

6

¶ 17.     This Court first considered whether the petitioner was in custody under sentence, describing the inquiry as "a threshold question." Id. at 643, 752 A.2d at 25.  After determining that the petitioner's loss of his driver's license did not mean he was "in custody" as required for a PCR petition, we stated that, "[b]ecause we find the court lacked jurisdiction to consider [the] petitioner's post-conviction petition, we do not reach the substantive claim that [his] 1985 guilty plea was improper[] . . . ." Id. at 643, 752 A.2d at 26.  We reversed the PCR decision due to lack of jurisdiction. Id.

¶ 18.     Because the PCR court in the present case did not have jurisdiction over petitioner's deferred sentences charges, it properly did not address the State's substantive contract claims regarding those charges.  Cf. State v. Brooks, 170 Vt. 597, 599, 750 A.2d 1000, 1002 (2000) (mem.) (declining to consider court's reasoning or merits because "court had no authority over the motion in the first instance").  We thus affirm the PCR court's amended judgment on these grounds.

Affirmed.

FOR THE COURT:

_____
Associate Justice

7