# Joseph Gloss, Lou Gloss, Edward Hawthorne and Jeannette Hawthorne v. The Delaware and Hudson Railroad Company

[378 A.2d 507]

No. 95-76

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed September 12, 1977

*DeBonis and Wright, P.C.*, Poultney, for Plaintiff.

*Sullivan & McCaffrey*, Rutland, for Defendant.

**Larrow, J.** Plaintiffs own land in Poultney, bordering on the railroad right of way of the defendant. Sometime prior to May, 1973, plaintiffs brought a written complaint to the Public Service Board about the ditch and fence between their properties and their maintenance, under 30 V.S.A. § 1474. Hearing was set by the Board for May 3, 1973, at which time the

attorneys for the parties informed the hearing examiner that they had resolved their differences and the petition would be withdrawn. They agreed to, and later did, furnish the Board with written copies of their "Stipulation for Discontinuance," which agreed to a discontinuance and set forth verbatim their settlement agreement. In general, the agreement called for the making of stated repairs by the railroad, with ditch drainage and disposition of ditched material. It also called for a monetary payment to the plaintiffs, which has been made. No formal order of discontinuance was made by the Public Service Board. In December, 1973, plaintiffs brought suit in Rutland Superior Court. Count I of their complaint alleged a violation of 30 V.S.A. § 1474 by failure to maintain an adequate, properly located fence; Count II alleged a breach of the outlined settlement agreement.

The trial court found the foregoing facts, and dismissed the cause for lack of jurisdiction, concluding that the Public Service Board had original jurisdiction under 30 V.S.A. § 1481 to make an order about the matters complained of, and under 30 V.S.A. § 1482 to impose fines for non-compliance and award damages to the parties aggrieved. It held that, absent a final order or determination by the Board, the court was without jurisdiction.

▮ The duty of the defendant to maintain a good and sufficient fence between the properties of the parties, under 30 V.S.A. § 1474, is unquestioned. The statute so provides in unequivocal language. 30 V.S.A. §§ 1480, 1481, also clearly outline the procedures followed by the plaintiffs before the Board, and its right to make a written order requiring fence construction and maintenance. The Board was properly resorted to in the first instance for these purposes, and were the matter still pending, in the legal sense, before that Board the exercise of jurisdiction by the superior court would be reversible error, even with concurrent jurisdiction conferred upon it by statute. *City of South Burlington* v. *Vermont Electric Power Co.*, 133 Vt. 438, 448, 344 A.2d 19 (1975). But we cannot agree with the contention of the defendant that the matter still *is* pending before the Public Service Board, absent a formal entry of discontinuance. The general law seems to be the other way, that when all parties who are concerned and competent stipulate to a discontinuance, the discontinuance thereby becomes effective. See 24 Am.Jur.2d *Dismissal,*

*Discontinuance, and Nonsuit* § 7. Our own civil rules make a similar provision, even though not binding upon proceedings before administrative bodies. V.R.C.P. 41(a)(1)(ii). And, more particularly, we so construe 3 V.S.A. § 809(d), relating to contested cases before administrative bodies and providing for "informal disposition" in precisely the manner here followed:

> (d) Unless precluded by law, informal disposition may be made of any contested case by stipulation, agreed settlement, consent order, or default.

■ This provision seems clear on its face. Both the stipulation and the agreed settlement were entered into by the parties, and placed upon record. Whatever the prior legal requirements, this provision seems to countenance the procedure followed before the Board. As a result, there was a "disposition," however "informal," and the matter was no longer pending before the Public Service Board when the superior court action was brought. The trial court's refusal to entertain jurisdiction upon this ground was error and requires reversal for new trial, at least so far as Count II, seeking damages for non-compliance with the agreement of the parties, is concerned. Count II sounds in contract violation, claiming unliquidated damages for the failure of the defendant to carry out the terms of its agreement. No breach of any statutory duty is alleged. No failure to obey any lawful order of the Public Service Board is involved, because no order was made. The allegations of Count II are simply those of a civil action, formerly denominated one in contract. No cause for resort to the Public Service Board is contained in it, and no basis for refusal by the superior court to entertain jurisdiction with respect to it appears.

■ Refusal to entertain jurisdiction with respect to Count I stands upon a somewhat different footing. As we have stated, dismissal on grounds of pendency before the Public Service Board was error. But it does not follow that reversal is mandated, because, in our view, a cause of action was not stated. The basis of liability claimed in Count I is the failure and refusal to erect and maintain an adequate and properly located fence. The resultant damage, for which recovery is sought, is that plaintiffs "have been prevented from using the property for normal farming purposes." 30 V.S.A. § 1475 would permit the plaintiffs to construct the fence and recover its appraised value

from the defendant. 30 V.S.A. § 1482 sets up fines for failure to comply with the Board's order, and recovery of damages for failure to so comply. The general statutory pattern would seem to permit recovery for interference with "normal farming purposes" only in instances of non-compliance with a Board order, and to limit recovery, prior to such order, to the remedies enumerated, *i.e.*, recovery of cost of fence construction and damage to animals on the tracks. The dismissal, as to Count I, is supportable on grounds other than lack of jurisdiction, and will be accordingly affirmed.

■ We note in passing the intimation in the trial court's conclusions of law that it considered the fines and damages, provided for in 30 V.S.A. § 1482 upon failure to comply with an order of the Board, as being within the jurisdiction of the Board to impose or award. We do not agree with that conclusion. The imposition of fines is a matter for the criminal courts; the award of individual damages a matter for the civil courts. Even had an order been made by the Board in the first instance, enforcement in the manner set up by § 1482 is not entrusted to the Board. Public administrative bodies have only such adjudicatory jurisdiction as is conferred on them by statute, with nothing presumed in favor of their jurisdiction. *In re Lake Sadawga Dam*, 121 Vt. 367, 159 A.2d 337 (1960); *Trybulski* v. *Bellows Falls Hydro-Electric Corp.*, 112 Vt. 1, 20 A.2d 117 (1941).

*The order of the Rutland Superior Court dismissing plaintiffs' complaint is affirmed as to Count I thereof, and reversed as to Count II thereof; the cause is remanded. Each party shall bear his own costs, to date, in the trial court, as provided by the order below. Costs in this court to the appellants.*