## Alma Realty Company, Inc. v. Sugarbush Valley Corporation

[392 A.2d 379]

No. 221-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1978

*Thomas B. Bailey* of *Hoff, Wilson & Jenkins,* Burlington, for Plaintiff.

*Adams, Meaker and Darby,* Waterbury, for Defendant.

**Larrow, J.** This action began below as a suit to enforce a claimed contract to share water, septic and other facilities, and to recover damages for breach of that contract. On the date set for trial, April 4, 1977, the parties entered into a stipulation, which was filed with the court on April 5, 1977. That stipulation provided, *inter alia:*

> The within case is settled with prejudice; releases to be exchanged between all parties being general releases, and the contract dated on or about October 26, 1958, is extinguished, and there shall be no further rights between the parties concerning said contract.

The settlement involved payment of $105,000.00 by defendant Sugarbush Valley Corporation, $75,000.00 to plaintiff Alma Realty Co., Inc., on terms, for the Trails End Lodge property in Warren, Vermont, and $30,000.00 to Trails End Lodge, Inc. and three named individuals, lessees of the Lodge, for the chattels and fixtures in the Lodge. Trails End was not a party to the litigation, but a stockholder and director thereof, one Boitz, was present and represented that Alan M. Uris, Esq., then attorney for plaintiff Alma, had authority to bind Boitz, Trails End Lodge, Inc., and the other two stockholders and directors of Trails End.[1] No formal order was entered by the court at that time.

On May 12, 1977, defendant filed a motion to dismiss with prejudice, because of the stipulation, alleging plaintiff had refused to abide by its terms. Plaintiff filed no motions, but resisted the motion to dismiss, claiming a lack of authority on the part of Uris to bind Trails End. This motion was heard June 6, 1977, and some days later plaintiff filed with the court an affidavit of the other two stockholders and directors of Trails End to that effect. On July 5, 1977, the trial court entered an order granting defendant's motion to

---

[1] The parties mistakenly referred in their stipulation to Trails "Inn" Lodge, Inc. The correct corporate name is Trails End Lodge, Inc., and the parties make no question about the misnomer. It does not affect this decision.

dismiss with prejudice, relying on the absence of any claim of fraud and our holding in *Dutch Hill Inn, Inc.* v. *Patten,* 131 Vt. 187, 303 A.2d 811 (1973). Plaintiff's notice of appeal, filed August 3, 1977, is directed to that "final Judgment Order."

We do not reach the merits of plaintiff's contention that it is, in some fashion, entitled to relief from its stipulation because its own attorney lacked authority to bind a third party, despite the fact it filed no motion for relief below, and relied only on an affidavit, filed after hearing, to support its contention. See *Vermont National Bank* v. *King,* 135 Vt. 551, 382 A.2d 210, 211 (1977). We view the instant appeal as without our jurisdiction, and accordingly dismiss it.

V.R.C.P. 41(a)(1)(ii) specifically provides for the dismissal of an action, without order of court, by the filing of a stipulation of dismissal signed by all parties who have appeared in the action. We had recent occasion to comment upon a similar provision, applicable to administrative bodies, contained in 3 V.S.A. § 809(d). *Gloss* v. *Delaware & Hudson Railroad,* 135 Vt. 419, 378 A.2d 507 (1977). In *Gloss,* we held that the "informal disposition" by stipulation provided for in § 809(d) is a final one, leaving nothing pending before the administrative tribunal. We noted in our decision the similarity between that provision and the dismissal by stipulation provided for in Rule 41.

The stipulation filed by the parties on April 5, 1977, fully complies with the provisions of V.R.C.P. 41(a)(1)(ii). As such, it has the force and effect of a final judgment, without further order of court. See *Gloss, supra.* The later motion for a formal judgment order, filed by the defendant Sugarbush, was pure surplusage, requiring no action by the trial court. The stipulation itself, once filed, operated as a dismissal with prejudice. The trial court's surplus order did not affect the parties' legal rights, and thus any appeal from this order serves no purpose and is, in effect, a nullity. If we treat the appeal as being from April 5, 1977, when the stipulation was filed, it is, of course, out of time. The thirty-day appeal period expired long before the August 3 notice of appeal was filed. V.R.A.P. 4. When a valid final judgment is filed, a court's later filing of a repetitious judgment cannot

serve to extend the appeal time under V.R.A.P. 4. We are accordingly without jurisdiction, and the appeal must be dismissed.

*Appeal dismissed.*