

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 9, 1989

Mr. Richard L. Morgan          Opinion No. JM-1084
Commissioner
Texas Department of Labor      Re:   Authority of the Department
  and Standards                of Labor and  Standards to  enter
P. O. Box 12157                into a settlement agreement which
Austin, Texas  78711           provides  for  a  civil  penalty
                               under article 8700, V.T.C.S., the
                               auctioneer statute  (RQ-1721)

Dear Mr. Morgan:

You ask:

> In  a  contested  case  under  Article  8700,
> Section 7(a) and (e), can this administrative
> agency enter a settlement agreement  pursuant
> to Article  6252-13a, Section  13(e)  whereby
> the Respondent agrees to pay a civil  penalty
> to the  State of  Texas  in lieu  of  license
> forfeiture or suspension?

Article 8700, V.T.C.S., provides for the regulation  of auctioneers in Texas.  Section 3 of the article provides that no person may act as  an auctioneer in Texas unless  he is licensed by the Commissioner  of the Texas Department  of Labor  and    Standards.    Section    9  provides    that    the commissioner  may  make  reasonable  rules  and  regulations relating  to  licensure  applications,    as  well  as    "the issuance, denial,  suspension, and  revocation of  licences, and the conduct of  hearings consistent with the  provisions of The Administrative Procedures  Act."  Section 7  provides in subsection (a) that the "commissioner may deny,  suspend, or revoke  the  licence  of any  auctioneer"  for  specified causes.  Subsections (b)  through (d) of  section 7  provide that "before denying an application for a license or  before suspending or revoking any license," the commissioner  shall give notice and set  the matter for a  hearing at which  the applicant or licensee  is entitled to  be present and  offer evidence.  Subsection (e) provides:

> The hearing must be conducted in a  manner
> that will give to  the applicant or  licensee
> due process of law  and that  is  consistent

with the provisions of the Administrative Procedure and Texas Register Act (Article 6252-13a, Vernon's Texas Civil Statutes).

The Administrative Procedure and Texas Register Act (APTRA), V.T.C.S. art. 6252-13a, was enacted to provide minimum standards of uniform practice and procedure for state agencies. Id. § 1. Section 13 provides for hearings of contested cases, including notice and record keeping requirements. Subsection (e) of section 13 provides:

> Unless precluded by law, informal disposition may be made of any contested case by stipulation, agreed settlement, consent order, or default.

In response to your question, we conclude that subsection (e) does not expand the authority of the commissioner to impose sanctions beyond those authorized in article 8700, V.T.C.S., in a contested case on auctioneer licensure. Since article 8700 authorizes the commissioner only to "deny, suspend, or revoke" licenses, the commissioner has no authority to impose a civil penalty in lieu of the sanctions available under article 8700, V.T.C.S.

The language of subsection (e) of section 13 has appeared in APTRA since its original enactment in 1975 and is identical with that in section 9, subsection (d), of the Revised Model State Administrative Procedure Act of 1961. Acts 1975, 64th Leg., ch. 61, at 140. Numerous other states have adopted, as part of their administrative procedure laws, provisions identical or substantially similar to those of section 13, subsection (e). We find no cases in Texas or in states having provisions identical or similar to the provisions of subsection (e) that construe such language as expanding an agency's authority as to sanctions it may impose or other actions it may take in a contested case. The purpose of subsection (e) appears to be purely procedural, i.e., to allow, where the parties agree, for the settlement or other informal disposition of contested matters without the need of formal proceedings. See, e.g., Gloss v. Delaware & Hudson Ry. Co., 378 A.2d 507 (Vt. 1977).

### S U M M A R Y

The Commissioner of the Texas Department of Labor and Standards is not authorized to impose civil penalties in contested auctioneer licensure cases by the provisions of either V.T.C.S. article 8700, section 7, or V.T.C.S. article 6252-13a, section 13(e).

Very truly yours,

JIM    MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General