Mr. Richard L. Morgan Commissioner Texas Department of Labor and Standards P.O. Box 12157 Austin, Texas 78711
Re: Authority of the Department of Labor and Standards to enter into a settlement agreement which provides for a civil penalty under article 8700, V.T.C.S., the auctioneer statute (RQ-1721)
Dear Mr. Morgan:
You ask:
 In a contested case under Article 8700, Section 7(a) and (e), can this administrative agency enter a settlement agreement pursuant to Article 6252-13a, Section 13(e) whereby the Respondent agrees to pay a civil penalty to the State of Texas in lieu of license forfeiture or suspension?
Article 8700, V.T.C.S., provides for the regulation of auctioneers in Texas. Section 3 of the article provides that no person may act as an auctioneer in Texas unless he is licensed by the Commissioner of the Texas Department of Labor and Standards. Section 9 provides that the commissioner may make reasonable rules and regulations relating to licensure applications, as well as "the issuance, denial, suspension, and revocation of licenses, and the conduct of hearings consistent with the provisions of The Administrative Procedures Act." Section 7 provides in subsection (a) that the "commissioner may deny, suspend, or revoke the license of any auctioneer" for specified causes. Subsections (b) through (d) of section 7 provide that "before denying an application for a license or before suspending or revoking any license," the commissioner shall give notice and set the matter for a hearing at which the applicant or licensee is entitled to be present and offer evidence. Subsection (e) provides:
 The hearing must be conducted in a manner that will give to the applicant or licensee due process of law and that is consistent with the provisions of the Administrative Procedure and Texas Register Act (Article 6252-13a, Vernon's Texas Civil Statutes).
The Administrative Procedure and Texas Register Act (APTRA), V.T.C.S. art. 6252-13a, was enacted to provide minimum standards of uniform practice and procedure for state agencies. Id. § 1. Section 13 provides for hearings of contested cases, including notice and record keeping requirements. Subsection (e) of section 13 provides:
 Unless precluded by law, informal disposition may be made of any contested case by stipulation, agreed settlement, consent order, or default.
In response to your question, we conclude that subsection (e) does not expand the authority of the commissioner to impose sanctions beyond those authorized in article 8700, V.T.C.S., in a contested case on auctioneer licensure. Since article 8700 authorizes the commissioner only to "deny, suspend, or revoke" licenses, the commissioner has no authority to impose a civil penalty in lieu of the sanctions available under article 8700, V.T.C.S.
The language of subsection (e) of section 13 has appeared in APTRA since its original enactment in 1975 and is identical with that in section 9, subsection (d), of the Revised Model State Administrative Procedure Act of 1961. Acts 1975, 64th Leg., ch. 61, at 140. Numerous other states have adopted, as part of their administrative procedure laws, provisions identical or substantially similar to those of section 13, subsection (e). We find no cases in Texas or in states having provisions identical or similar to the provisions of subsection (e) that construe such language as expanding an agency's authority as to sanctions it may impose or other actions it may take in a contested case. The purpose of subsection (e) appears to be purely procedural, i.e., to allow, where the parties agree, for the settlement or other informal disposition of contested matters without the need of formal proceedings. See, e.g., Gloss v. Delaware Hudson Ry. Co.,378 A.2d 507 (Vt. 1977).
 SUMMARY
The Commissioner of the Texas Department of Labor and Standards is not authorized to impose civil penalties in contested auctioneer licensure cases by the provisions of either V.T.C.S. article 8700, section 7, or V.T.C.S. article 6252-13a, section 13(e).
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by William Walker Assistant Attorney General