## SUBUD OF WOODSTOCK, INC. v. TOWN OF BARNARD

[732 A.2d 749]

No. 98-311

May 10, 1999. The Town of Barnard appeals from a decision of the Division of Property Valuation and Review that certain property was entitled to tax-exempt status. The Town contends the division lacked jurisdiction to determine the tax-exempt status of the property. We agree, and therefore vacate the judgment.

Subud of Woodstock, Inc. owns a building and approximately four acres in the town. In 1976, the Town voted to grant Subud tax-exempt status, and thereafter exempted the building and two of the four acres from the property tax. In 1997, the Town voted to rescind the property's tax-exempt status. Thereafter, the board of listers assessed the property at $97,200.

Subud filed a grievance with the listers, who subsequently lowered the value to $96,900. Subud appealed to the board of civil authority, claiming that the property: (1) should be tax exempt because it was used for "pious" purposes under 32 V.S.A. § 3802(4), and (2) was assessed at more than its fair market value. The board concluded that the property was properly assessed, and that it lacked the statutory authority to decide the tax-exemption question.

Subud appealed the board's decision to the division, again claiming that the property should be exempt because it was used for religious purposes, and that it was assessed at more than its fair market value. The Town objected that the division lacked authority to determine the tax-exempt status of the property. The director of the division denied the objection. At the subsequent hearing before the appointed appraiser, Subud indicated that it was not contesting the value placed on the property, but only the removal of the tax exemption. Subud then presented evidence that it was a religious organization. The appraiser concluded that the property was used for religious purposes and, therefore, was entitled to be tax exempt. This appeal followed.

It is well settled that "[p]ublic administrative bodies have only such adjudicatory jurisdiction as is conferred on them by statute, with nothing presumed in favor of their jurisdiction." *Gloss v. Delaware & Hudson R.R.*, 135 Vt. 419, 422, 378 A.2d 507, 509 (1977). The Legislature has made it clear that administrative departments may exercise only those powers expressly conferred, and that authority cannot arise through implication. See 3 V.S.A. § 203 (departments shall exercise only powers and duties imposed by law); *Miner v. Chater*, 137 Vt. 330, 333, 403 A.2d 274, 276-77 (1979) (administrative authority must be express).

The Division of Property Valuation and Review is a division within the Department of Taxes empowered to assist in the administration of property taxation. See 3 V.S.A. § 2289. Among its other duties, the division is charged, through its director, with the responsibility to appraise property. See 32 V.S.A. § 3411(11). Appeals from decisions of a civil board of authority may be taken to the director. See *id.* § 4461(a). Upon such an appeal, the director shall appoint an appraiser, see *id.* § 4465, who "shall proceed de novo and determine the correct valuation of the property as promptly as practicable." *Id.* § 4467.

It is readily apparent that the division's statutory authority in this case was confined to appraising the fair market value of the property; it had no statutory authority, and therefore lacked subject matter jurisdiction, to determine the tax-exempt status of the property. See *Gloss*, 135 Vt. at 422, 378 A.2d at 509. As to that issue, Subud's proper recourse was to file an action for declaratory judgment in superior court. See, e.g., *American Museum of Fly Fishing, Inc. v. Town of Manchester*, 151 Vt. 103, 104, 557 A.2d 900, 901 (1989).

In the absence of jurisdiction, the decision of the division must be vacated.

*The decision of the Division of Property Valuation and Review is vacated for lack of jurisdiction.*