**TOWN of ANDOVER, et al. v. STATE of Vermont, et al.**

[742 A.2d 756]

No. 98-428

October 14, 1999. Plaintiff municipalities sued the State of Vermont seeking a declaration that the Equal Educational

Opportunity Act of 1997 (Act 60), 16 V.S.A. §§ 4001-4029, is unconstitutional because it requires municipalities to (a) set tax rates for other municipalities; (b) initiate revenue bills to fulfill the general obligations of the state; and (c) undertake the state's constitutional responsibility for providing equal educational opportunities. The State moved to dismiss on the ground that plaintiffs lacked capacity to challenge the validity of a legislative enactment. The trial court ruled that municipalities lack capacity to sue the state and dismissed the case as to the municipalities, but allowed thirty days to substitute other plaintiffs. The trial court granted a motion under V.R.C.P. 54(b) to permit the filing of an appeal by the dismissed plaintiffs, which is now before us. We reverse and remand.

Plaintiffs make two contentions on appeal. The first is that the Declaratory Judgments Act, 12 V.S.A. §§ 4711-4725, provides an independent ground of jurisdiction for their lawsuit against the state. We agree with the trial court and the State that the Declaratory Judgments Act provided a procedural vehicle and remedy that was not previously available to litigants in general, but the Act did not extend the jurisdiction of the courts over subject matter or parties. See *Gifford Memorial Hosp. v. Town of Randolph*, 119 Vt. 66, 70, 118 A.2d 480, 483 (1955). Thus, if the municipalities do not have capacity to sue, as the trial court decided, the Declaratory Judgments Act does not provide it.

Plaintiffs also challenge the trial court's conclusion that they lack capacity to sue the state. Capacity has been defined as a party's "personal right to come into court" and is usually conceived of as "a procedural issue dealing with the personal qualifications of a party to litigate." See 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1559, at 441 (1990). "[I]ncapacity to sue exists where there is some legal disability, such as infancy or lunacy or a want of title in the plaintiff to the character in which he sues." *Underhill v. Rutland R.R.*, 90 Vt. 462, 468, 98 A. 1017, 1018 (1916) (internal citations omitted). It is not true that municipalities always lack capacity to sue the state.

Plaintiffs argue that their claims are within an exception to the general rule barring local government challenges to state legislation. They rely on *City of New York v. State*, 655 N.E.2d 649, 652 (N.Y. 1995), which held, inter alia, that where municipalities assert that compliance with a state statute will force them to violate the constitution, there is no bar to suit and towns and cities have capacity to bring the claim. See also 17 E. McQuillin, Municipal Corporations § 49.02, at 177 (3d ed. rev. 1993) ("A municipality may sue to question the constitutionality of a statute changing its form of government or affecting its operations . . . ."). The trial court dismissed plaintiffs under the general rule, without consideration of whether compliance with the statute at issue would in fact require the municipalities to violate constitutional provisions.

*Reversed and remanded for further proceedings not inconsistent with this opinion.*