**WORKERS' COMPENSATION DIVISION v. Darcy HODGDON and Quick Fix Truck Parts, Inc.**

[759 A.2d 73]

No. 99-254

July 19, 2000. Darcy Hodgdon appeals on his own behalf and on behalf of Quick Fix Truck Parts, Inc. from a decision of the Commissioner of the Department of Labor and Industry, which imposed a $5,000 fine for failure to maintain workers' compensation insurance from September 13, 1996, through July 4, 1997. He argues that the Commissioner (1) erred in imposing the fine against Hodgdon personally because he is not the employer; (2) should be estopped from imposing a fine because the Department failed to provide Quick Fix notice, as it had in the past, that its coverage had lapsed; and (3) abused his discretion in imposing a $5,000 fine without revealing the factors to be considered in determining the amount and without providing Hodgdon an opportunity to address them. We reverse the Commissioner's decision because the Commissioner failed to promulgate rules identifying the guidelines used to determine the amount of the fine as required by 21 V.S.A. § 688(b).

As best we can discern from the record, the facts are as follows. In 1995, Hodgdon Brothers, Inc. received a citation because it failed to carry workers' compensation insurance. At that time, Hodgdon Brothers was having difficulty obtaining insurance. After discussion with the Department, Hodgdon Brothers transferred all its employees, except corporate officers, to Quick Fix in order to obtain insurance coverage. Quick Fix obtained workers' compensation insurance effective September 13, 1995. Hodgdon owns both Hodgdon Brothers and Quick Fix.

On July 24, 1996, the insurance company sent Quick Fix a renewal notice and a bill, which required payment by September 13, 1996, to continue the coverage. No payment was received, and the insurance expired on September 13, 1996. The insurance company sent Quick Fix a termination notice. On June 30, 1997, an employee filed a workers' compensation claim, and the Department discovered that Quick Fix had been uninsured for several months. On July 1, 1997, the Department ordered Quick Fix to obtain workers' compensation insurance and provide proof of coverage. Quick Fix obtained the insurance and provided the Department with proof that coverage was effective July 4, 1997. On July 7, 1997, the Department cited Hodgdon and Quick Fix for failure to have workers' compensation from September 13, 1996, to July 4, 1997, and imposed a $5,000 fine. Hodgdon and Quick Fix requested a hearing.

At the hearing, Hodgdon argued that the fine was unreasonably high because turnover in office personnel, lack of notice clearly marked "cancellation," and failure of the Department to provide notice of the lapse in coverage all militated against a $5,000 fine. The Commissioner rejected all of Hodgdon's arguments and held that the $5,000 fine was within the Department's discretion given that Quick Fix was without coverage for a lengthy period, Hodgdon had experience with the workers' compensation system due to the previous citation against Hodgdon Brothers, and Quick Fix had received notice from the insurance company about the impending expiration of coverage if payment was not made. Hodgdon and Quick Fix appeal.

First, Hodgdon claims that the Department erred in imposing a fine against him personally because he is not the employer; rather, Quick Fix is the employer. The Department agrees. Consequently, we do not consider whether a fine could have been imposed against Hodgdon personally, but rather reverse the Commissioner's decision to the extent that it imposed personal liability. Hodgdon also claims that he is entitled to a jury trial if the fine is imposed against him personally. Because we reverse the fine against Hodgdon, we need not address whether he would be entitled to a jury trial on a claim against him personally.

Second, Hodgdon contends that the Department is partially responsible for the lapse in insurance because it failed to send Quick Fix any notice of the lapse as it always had in the past. Essentially, we understand Hodgdon's argument to be that Quick Fix relied to its detriment on the Department to provide notice of a lapse of workers' compensation coverage, a claim of equitable estoppel. Thus, according to Hodgdon, it is inequitable to allow the Department to impose upon Quick Fix the maximum fine. Estoppel against the government is rare but may be applied where the four elements of estoppel are met and "the injustice that would result from a failure to uphold an estoppel is of sufficient magnitude to justify any effect upon public interest or policy that would result from raising estoppel." See *Stevens v. Department of Social Welfare*, 159 Vt. 408, 419, 620 A.2d 737, 743 (1992). Hodgdon cannot meet the elements of estoppel.

> The four essential elements of estoppel are: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that its conduct shall be acted upon or the acts must be such that the party asserting the estoppel has a right to believe it is so intended; (3) the party asserting estoppel must be ignorant of the true facts; and (4) the party asserting estoppel must detrimentally rely on the conduct of the party to be estopped.

*Id.* at 421, 620 A.2d at 744. Here, Hodgdon has failed to show that Quick Fix was ignorant of the true facts. As the Commissioner found, due to the previous citation against Hodgdon Brothers, this employer had enough experience with the workers' compensation system to understand that the renewal notice meant exactly what it said: a failure to pay the premium would result in a lapse of coverage. Consequently, we hold that estoppel does not apply.

Finally, Hodgdon contends that the Commissioner abused his discretion in imposing the maximum fine without providing Hodgdon an opportunity to address the factors the Commissioner considers in determining the amount of the fine. Hodgdon points out that neither 21 V.S.A. § 692 (penalties), nor the regulations promulgated pursuant to 21 V.S.A. § 688 (administrative penalties) provides any guidelines for the Commissioner's exercise of discretion in determining the amount of a fine. Section 692(a) provides that, where the Commissioner determines that the employer has failed to secure workers' compensation for its employees, "the employer shall be assessed an administrative penalty of not more than $50.00 for every day the employer neglected to secure liability, but in no case shall the fine be more than $5,000.00." Further, § 688 provides: "The commissioner shall adopt rules regarding the amount and imposition of penalties."

Pursuant to § 688, the Commissioner adopted a rule on the amount of penalties. It states: "An employer who fails to comply with 21 V.S.A. § 687 (providing workers' compensation insurance (or self insurance as permitted by law)) may be assessed a penalty of $50.00 per day for every day that the employer neglected to insure workers' compensation . . . . but not to exceed $5000.00." Department of Labor and Industry, Workers' Compensation Division, Rules for Administrative Citations and Penalties, Rule 45.000

§ 5(a), 3 Code of Vt. Rules 24010005-3. The regulation provides no guidelines for determining the amount of the fine, other than setting the limit established by the statute. Hodgdon argues that he was entitled to notice of the guidelines or factors to be considered prior to the hearing in order to present relevant evidence.

We agree that the Legislature intended the Commissioner to "adopt rules regarding the amount and imposition of penalties" beyond reciting the maximum already set by statute. The legislative directive to promulgate the rules serves no purpose if the rules merely repeat the statutory maximum. We will not construe the statutory language as pure surplusage. See *Trombley v. Bellows Falls Union High Sch.*, 160 Vt. 101, 104, 624 A.2d 857, 860 (1993). Because § 688 requires the Commissioner to promulgate guidelines for determining the amount of the fine, and the Commissioner failed to do so, we reverse the fine imposed against Quick Fix.

The Department first contends that § 692 does not require the Commissioner to promulgate rules stating the factors to consider in assessing a penalty and that the Commissioner is authorized to exercise discretion in determining the amount of the penalty. Section 692(a) provides, however, that the employer is entitled to a hearing under § 688 prior to assessment of the penalty. Section 688 in turn requires the Commissioner to adopt the rules regarding the amount and imposition of penalties. Thus, we reject the Department's contention that the statutory framework does not require the Commissioner to promulgate any guidelines.

Second, the Department argues that this case is virtually identical to *Piche v. Department of Taxes*, 152 Vt. 229, 565 A.2d 1283 (1989). *Piche* is inapposite. The issue in that case was whether the tax commissioner could automatically impose a fine under 32 V.S.A. § 5875 for delin-

quent payment of a tax when the statute provided that the authority to impose the fine was discretionary. We upheld the automatic imposition of the penalty because it "merely represent[ed] the full extent to which the Commissioner ha[d] chosen to exercise his discretionary authority as granted under the statute." *Id.* at 234, 565 A.2d at 1286. The case is distinguishable, however. First, in *Piche,* there was no discretion in determining the *amount* of the fine under § 5875, just whether to impose it. Here, the discretion is in determining the amount of the fine; there is no discretion in imposing it. More importantly, there was no statutory directive in *Piche* requiring the Commissioner to set guidelines to determine the amount of the fine. Here, § 688 requires the Commissioner to promulgate such guidelines.

Finally, the Department maintains that the discretion granted to the Commissioner here is no different than the discretion exercised by courts in imposing civil contempt fines. We disagree. Unlike courts, which are granted their power by the Constitution, see Vt. Const. ch. II, § 4, administrative bodies have only the adjudicatory authority conferred on them by statute. See *Gloss v. Delaware & Hudson R.R.,* 135 Vt. 419, 422, 378 A.2d 507, 509 (1977) (distinguishing powers of courts to impose fines and order damages from powers of administrative bodies, which are limited to those conferred by statute). The authority granted by § 692 to impose penalties is limited by the requirement in § 688 that the Commissioner establish guidelines for determining the amount of the penalty.

*Reversed.*