Champlain Hous. Trust, Inc. v. City of Burlington, No. S1392-10 CnC (Toor, J., Aug. 25, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| CHAMPLAIN HOUSING TRUST, INC.<br> Plaintiff<br><br>v.<br><br>CITY OF BURLINGTON and the VERMONT DEPARTMENT OF TAXES, DIVISION OF PROPERTY VALUATION AND REVIEW<br> Defendants | Docket No. S1392-10 CnC |

## RULING ON MOTION TO DISMISS

Plaintiff Champlain Housing Trust, Inc. (Champlain) sues the City of Burlington (the City) seeking a declaratory judgment that six Burlington properties Champlain owns are tax-exempt as "public, pious or charitable" pursuant to 32 V.S.A. § 3802(4). The City moved to join the Vermont Department of Taxes, Division of Property Valuation (PVR) as an indispensible party pursuant to V.R.C.P. 19 and 21. The court granted the motion to join PVR, citing the analysis it undertook in its January 28, 2011 ruling in In re Appeal of the Town of Colchester, No. S0933-10 CnC. PVR moves to dismiss as to PVR pursuant to V.R.C.P. 12(b)(1) on the grounds of sovereign immunity, failure to exhaust administrative remedies, lack of subject matter jurisdiction, and inappropriate joinder. Champlain and the City both oppose PVR's motion.[1] Jessica Oski, Esq. represents Champlain; Eugene M. Bergman, Esq. and Richard Haesler, Jr., Esq. represent the City; and John McAllister, Esq. represents PVR.

---

[1] Champlain opposed the City's motion to join PVR on the grounds that there is no risk of inconsistent judgments on questions of taxability because PVR lacks authority to determine the tax-exempt status of real property. Champlain now says it is prudent to keep PVR in the litigation—opposing PVR's motion to dismiss—because PVR is asserting that it does have authority to determine taxability questions.

In its complaint, Champlain alleges that it owns six Burlington properties in which it provides affordable housing and social support services. Champlain says that, in a letter dated March 10, 2010, it asked the City for a determination that each of the properties is exempt as used for "public, pious or charitable uses." 32 V.S.A. § 3802(4). According to Champlain, the City refused to grant the exemption despite having found exempt other similarly owned and operated properties in Burlington. The court takes up each of PVR's four arguments for dismissal in turn.

## 1. Sovereign Immunity

PVR argues that Champlain's action as against PVR is barred by sovereign immunity because claims against the State are barred unless explicitly waived. The City asserts that its claim is not a claim against the State, but is instead an action for declaration of rights between Champlain and the City. The City maintains that, because the State asserts a right to independently determine taxable status, the State has an interest in the outcome of this litigation and must be joined in order to bind it to the court's decision on taxability.[2] PVR replies that neither the Vermont Declaratory Judgments Act nor the joinder provisions of the Rules of Civil Procedure trump the doctrine of sovereign immunity, and that sovereign immunity bars not only tort claims against the State, but all claims unless such claims are expressly waived.

"Under the doctrine of sovereign immunity, claims against the State are barred 'unless immunity is expressly waived by statute.'" Kane v. Lamothe, 2007 VT 91, ¶ 6, 182 Vt. 241 (quoting Sabia v. State, 164 Vt. 293, 298 (1995)). Whether a claim has been waived under Vermont's Tort Claims Act has been the subject of numerous reported Vermont cases; PVR has cited some of those cases in its motion. *E.g.*, Amy's Enterprises v. Sorrell, 174 Vt. 623 (2002); Noble v. Office of Child Support, 168 Vt. 349 (1998); Denis Bail Bonds, Inc. v. State, 159 Vt.

---

[2] Champlain has apparently not taken a position on the question of sovereign immunity.

481 (1993). The issue here is different: whether this suit for declaratory judgment on a question of interpreting the tax exemption statute involves a claim against the State.

The court agrees with the City that this suit does not involve a claim against the State. This litigation seeks a declaration as to the application of 32 V.S.A. § 3802(4); it does not seek to impose liability on the State. Other courts have reached similar conclusions. *See* Owen v. W. Ala. Butane Co., 178 So.2d 636, 638–39 (Ala. 1965) (holding that suit for declaratory relief against a state official to construe a taxing statute was not a suit against the state); McInerney v. Ervin, 46 So.2d 458, 459–460 (Fla. 1950) (suit that named Florida attorney general, railroad commission, and public utilities commission as defendants seeking declaratory judgment as to validity and construction of statute was not a suit against the state); Century Distilling Co. v. Defenbach, 99 P.2d 56, 59 (Idaho 1940) (suit for declaratory judgment brought by company against tax commissioner seeking declaration as to company's obligation to pay certain taxes was not a suit against the state); Hudson v. Vill. of Homer, 87 N.W.2d 72, 78 (Mich. 1957) (holding that, where drainage district board sought declaratory relief and State Conservation Commission was made a party, the commission's motion to dismiss was properly denied since proceeding did not constitute a "suit against the state," especially where the purpose of the declaratory judgment was to guide and "conclude[]" all the parties with an interest in the subject matter); Cobb v. Harrington, 190 S.W.2d 709, 712 (Tex. 1945) (holding that action brought by owner-lessors of trucks and trailers against state comptroller to obtain a judgment declaring that plaintiffs are not "motor carriers" as defined by tax statute was not a suit against the State); Douglass v. Koontz, 71 S.E.2d 319, 325 (W.Va. 1952) (holding that suit against State Tax Commissioner for declaratory judgment as to whether plaintiff was subject to a certain tax was

3

not a "suit against the state," because it did not seek to control the Commissioner's discretion or to affect proprietary rights of the state or any of its governmental arms).

## 2. Exhaustion

PVR argues that the City has failed to exhaust the administrative remedies available to it pursuant to 32 V.S.A. § 5408. The City asserts that it could not have petitioned for a redetermination under § 5408 because at the time PVR's Director certified the City's equalized education property value (EEPV) and coefficient of dispersion (COD), the City agreed with that determination, and the City was not required to appeal that determination on the chance that a court might decide to exempt a property from the list at a later time. For its part, Champlain argues that this case is not an appeal by the defendant (the City) seeking a redetermination, but is instead a declaratory judgment action brought by Champlain. PVR maintains that the City should have appealed the Director's determination, arguing that In re Appeal of the Town of Colchester, No. S0933-10 CnC, provides a clear example of how the appeal process would have worked.

"Where a statute creates administrative remedies, 'a party must pursue, or "exhaust," all such remedies before turning to the courts for relief.'" Town of Bridgewater v. Dep't of Taxes, 173 Vt. 509, 510 (2001) (mem.) (quoting Rennie v. State, 171 Vt. 584, 585 (2000)). Here, as Champlain correctly points out, the City has not come to court seeking relief, but is instead the named defendant in Champlain's declaratory judgment suit. Champlain is plainly entitled to seek such a declaratory judgment. Subud of Woodstock, Inc. v. Town of Barnard, 169 Vt. 582, 583 (1999) (mem.). Neither is the court convinced that the Colchester case requires municipalities to file appeals from every EEPV/COD determination. One of the consolidated Colchester cases was a § 5408 appeal, but that appeal was filed at about the same time as

4

litigation was proceeding between the taxpayer and the municipality on the question of taxability. If the Commissioner had been joined in the taxpayer's litigation in the first place, then the result would have been binding on the Commissioner and the perceived need to bring a § 5408 appeal would have been obviated.

### 3. Subject Matter Jurisdiction and Joinder

PVR argues that the Declaratory Judgments Act does not provide any basis for subject matter jurisdiction against PVR with respect to Champlain's complaint. The City maintains that the court has jurisdiction over tax exemption decisions and that if the State asserts a right to determine taxability, then the court must have jurisdiction over the State on that issue. PVR is correct insofar as it contends that the Declaratory Judgments Act did not extend the jurisdiction of the courts over subject matter or parties. Town of Andover v. State, 170 Vt. 552, 553 (1999) (mem.). However, the court plainly has subject matter jurisdiction to decide questions of taxability. Subud of Woodstock, Inc. v. Town of Barnard, 169 Vt. 582, 583 (1999) (mem.). Furthermore, as the court concludes today in its ruling on PACE's motion for summary judgment in the consolidated Colchester cases, as long as the State taxing authority is empowered to disagree with a taxpayer or municipality on taxability questions, then it is necessary to include that taxing authority in the court's adjudication of disputes on those issues. For the same reason, the court rejects PVR's argument that joining it in Champlain's declaratory judgment action is inappropriate because PVR is not an indispensable or necessary party.

### Conclusion

For the above reasons, the court rejects each of PVR's four arguments for dismissal as to it. There remains a question as to whether PVR should be the state entity bound by whatever declaratory judgment this court ultimately issues or whether it might be more proper or advisable

5

to join the Commissioner of Taxes instead. *See* <u>Ex parte Ala. Dep't of Fin.</u>, 991 So.2d 1254, 1257 (Ala. 2008) (holding that "exceptions" to sovereign immunity—including exception for actions brought under declaratory judgment act seeking construction or application of a statute—apply only to actions brought against state officials, and not to actions against the State or against State agencies). The parties have not directly raised that question, however, and the court will leave it for a later time. At present, the court concludes that PVR should not be dismissed.

Order

PVR's motion to dismiss is denied.

Dated at Burlington this 24th day of August 2011.


_____
Helen M. Toor
Superior Court Judge