STATE OF VERMONT

SUPERIOR COURT
Washington Unit

CIVIL DIVISION
Docket No. 268-8-20 Wncv

2020 DEC 30 P 1:01

HARR, LLC,
 Plaintiff

v.

Town of Northfield, VT,
 Defendant

DECISION ON MOTION

### The Town's Motion to Dismiss

Plaintiff HARR LLC owns and operates a mobile home park in the Town of Northfield. The Town owns and operates the Northfield Electric Department, which provides electricity to residents of the park, who rent lot-space from HARR, which does not own their mobile homes. According to the complaint, when a tenant of the park becomes delinquent on their electricity bill, the Town eventually secures the deficiency by placing a lien on the real property of the park, owned by HARR, even though HARR otherwise has no contract or agreement with the Town to secure tenants' accounts with the electric department and the tenants do not own the property subject to the liens. In this case, HARR seeks a declaration that any such liens are "unenforceable" as is the charter provision upon which the Town evidently relies as authority for this practice. It does not in the complaint assert any substantive reasons why it believes the liens or the charter provision might be unenforceable, and it seeks no other relief in this case.

The Town has filed a motion to dismiss. It argues that this matter already has been resolved by a final judgment of the Vermont District Court (claim preclusion). Alternatively, it argues that issue preclusion forecloses the single count of declaratory relief asserted in this case. The Town argues, moreover, that HARR is improperly attempting to assert a wholly abstract claim for declaratory relief detached from any substantive dispute between the parties, which it characterizes as an impermissible "independent" claim.

In response, HARR concedes that the substantive claims litigated in the federal case have been finally determined. It argues, however, that once the federal court ruled on all *federal* claims presented, it lost jurisdiction to consider HARR's declaratory count, enabling it to refile that claim in state court. It cites 12 V.S.A. § 558(a)(2) in support of this argument. It also argues that such an "independent" declaratory claim is permissible in Vermont, relying on case law to the effect that one may seek declaratory relief alone (without also seeking damages or other equitable relief). In the same breath, and even though there is no claim for damages in this case, it says, "HARR has the right and the ability to use the Act to seek any refunds it may be due." Harr's Opposition to Motion to Dismiss 6 (filed Oct. 26, 2020).

"Res judicata [claim preclusion] bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical. The doctrine does not require that claims must have been

actually litigated in an earlier proceeding; rather, res judicata bars parties from litigating claims or causes of action that were or should have been raised in previous litigation." *Lamb v. Geovjian*, 165 Vt. 375, 379–80 (1996) (citations and quotation marks removed). "The purpose of the res judicata doctrine is to promote the finality of judgments and conserve the resources of courts and litigants." *Pomfret Farms Ltd. Partn. v. Pomfret Associates*, 174 Vt. 280, 284 (2002). The same principle generally applies as between state and federal courts so long as the subject claims were within the jurisdiction of the court issuing the judgment.

> When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If, however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

Restatement (Second) of Judgments § 25 cmt. e; see also 18 Wright & Miller, Federal Practice & Procedure: Jurisdiction § 4411 ("Provided that the court that heard the first action had independent jurisdiction to apply both state and federal law, all theories growing out of the same transaction often are precluded by the first action.").

When HARR filed its complaint in federal court, its cause of action against the Town was fully matured. A cause of action is a "group of operative facts giving rise to one or more bases for suing." Black's Law Dictionary 214 (7th ed. 1999). According to that complaint, the Town already had recorded several liens against the real property of HARR's park. There was nothing anticipatory about the controversy; it had fully occurred. Based on the allegations, HARR sought declaratory relief (count 1) and claimed a federal equal protection violation (count 2), a federal *substantive* due process violation (count 3), and inverse condemnation under the Vermont Constitution (count 4).[1] It described its declaratory relief "claim" only as follows: "HARR seeks a declaratory judgment that the liens created by the Town Charter and asserted against the Park by the Town are unenforceable and unconstitutional." Federal Complaint ¶ 31. As relief, HARR sought damages for the constitutional violations and declarations that the charter provision and liens are unconstitutional and unenforceable. As far as the complaint goes, then, it is clear that HARR was seeking nothing with its claim for declaratory relief that it was not also seeking with its substantive claims.

The federal court granted the Town's motion for judgment on the pleadings in a decision squarely addressing all claims in the complaint. See *HARR LLC v. Town of Northfield*, 423 F.Supp.3d 54 (D. Vt. 2019). It first rejected all three of HARR's constitutional claims. After doing so, it addressed the claim for declaratory relief. It explained that the Declaratory

---

[1] HARR did not ask the federal court to interpret the charter provision to determine whether in fact the Town's alleged conduct fell within its reasonable scope, and the federal court never did so.

2

Judgment Act is procedural only. "As a result, [it] does not create an independent cause of action." *Id*. at 66 (citation omitted). In other words, the availability of declaratory relief is not a substantive legal claim on its own. At that point in the federal case, there was no aspect of the controversy, as presented by HARR, left to address. "Because the court has granted judgment on the pleadings in favor of Defendant on Plaintiff's substantive claims, Plaintiff's request for declaratory relief in Count I must be DISMISSED." *Id*. at 67. There was nothing left to do.

The federal court gave HARR 30 days to petition for leave to amend. HARR did not do so, and the federal court entered final judgment on February 11, 2020. HARR did not appeal. The federal court's final judgment thus fixed the parties' rights with regard to the controversy over the Town's practice.

Six months later, HARR filed the complaint in this case. It describes the same cause of action that was resolved in the federal suit. It includes one claim only, which is for declaratory relief: "HARR seeks a declaratory judgment that the liens created by the Town Charter and asserted against the Park by the Town are unenforceable." Complaint ¶ 30 (filed Aug. 6, 2020). The complaint does not otherwise hint at any substantive legal reasons for HARR's claim that the liens and charter provision are unenforceable.

This case is foreclosed by the final judgment in the federal case (claim preclusion). HARR is not presenting here any claim that it did not present in its federal case, and even if it had, the doctrine of claim preclusion would preclude it. "The doctrine does not require that the claims were actually litigated in the prior proceeding; rather, it applies to claims that were or should have been litigated in the prior proceeding." *In re Tariff Filing of C. Vermont Pub. Serv. Corp.*, 172 Vt. 14, 20 (2001). In other words, it applies to the whole cause of action regardless how a party frames the claims. There is no serious contention here that the parties, subject matter, or cause of action in this case are any different from the federal case.

HARR's attempt at skirting the finality of the federal judgment by framing its claim here as one for declaratory relief is unavailing. "That there has been a prior adjudication between the parties bears on the allowance of a declaratory action. As is the case with other types of action, an action for a declaration may not be employed to relitigate a claim already adjudicated, or to evade the effects of preclusion with respect to issues already determined. Neither will a declaratory judgment be available to assert technical defects or mere error in a prior judgment." Restatement (Second) of Judgments § 33 cmt. a. The federal court addressed HARR's declaratory relief claim. It had no substance except by reference to the other claims in that case. HARR's claim for declaratory relief in this case does not point up any different controversy than that presented to the federal court. It is simply an attempt at an impermissible second bite at the apple.

HARR does not meaningfully explain its argument that the federal court, once it ruled on the federal claims, lost jurisdiction over any other claims, and that somehow enabled HARR to refile its declaratory claim in state court. The federal court ruled on the two federal claims that invoked its federal question jurisdiction, and then it exercised supplemental jurisdiction to

3

address the only other well-pleaded claim presented: the state law takings claim. If any other state law claim had been presented, it could have exercised supplemental jurisdiction over that claim as well. See 28 U.S.C. § 1367(a); 13D Wright & Miller et al., Federal Practice & Procedure: Jurisdiction 3d § 3567. HARR's jurisdictional argument inexplicably fails to account for supplemental jurisdiction. There was no loss of jurisdiction in the federal court that would allow HARR to avoid the doctrine of claim preclusion here.

HARR's reliance on 12 V.S.A. § 558(a)(2) also is puzzling. Dismissals for lack of jurisdiction typically are without prejudice, meaning that such claims may be refiled with the impediment to jurisdiction resolved. 9 Wright & Miller et al., Federal Practice & Procedure: Civil 4th § 2373; V.R.C.P. 41(b)(3). Section 558(2) provides that if a claim is timely filed originally, but then "the action is dismissed for lack of jurisdiction of the subject matter or person, improper venue, or failure to join an indispensable party," then it may be refiled within 1 year. The statute provides a 1-year safe harbor from expiring limitations statutes. This statute is irrelevant to this case. There was no such dismissal preceding this case, and there is no statute-of-limitations issue presented.

HARR's claim that this case is just like *Leno v. Meunier*, 125 Vt. 30 (1965), is wrong. In *Leno*, the only asserted basis for federal court jurisdiction was that the litigants lived in different states (diversity jurisdiction). The federal court determined that in fact both litigants were domiciled in Vermont, there was no basis for diversity jurisdiction, and it thus dismissed. The plaintiff refiled in state court, and the Vermont Supreme Court ruled that the action in state court thus fell within the scope of 12 V.S.A. § 558(a)(2). *Leno* is irrelevant to this case. There was no such jurisdictional ruling in this case by the federal court, which plainly had federal question jurisdiction that, in turn, permitted supplemental jurisdiction over HARR's other claims.

Lastly, HARR argues that Vermont law permits "independent" declaratory relief claims even if federal law does not. HARR appears to misunderstand the references to "independent" claims in the Town's briefing. The Declaratory Judgments Act relaxes the traditional rule that courts may act only when a dispute ripens into an entitlement to a coercive remedy. "[T]he declaratory-judgment remedy provides a useful solution. It gives a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so." 10B Wright & Miller et al., Federal Practice & Procedure: Civil 4th § 2751. Thus, invocation of the Act is not itself a substantive legal claim. It is "a procedural vehicle and remedy that was not previously available" but it does not enlarge "the jurisdiction of the courts over subject matter or parties." *Town of Andover v. State*, 170 Vt. 552, 553 (1999). There still must be "an actual or justiciable controversy" between the parties. *Chase v. State*, 2008 VT 107, ¶ 13, 184 Vt. 430 (citation omitted). "For there to be an actual controversy the defendant must be so situated that the parties have adverse legal interests." 10B Wright & Miller et al., Federal Practice & Procedure: Civil 4th § 2757. Absent such a controversy, there is no "independent" claim for declaratory relief, even though one may seek declaratory relief in a proper case without seeking any other kind of relief. Vermont and federal law do not differ on this issue.

4

HARR's declaratory relief claim in federal court was not dismissed because somehow that court does not have jurisdiction over claims for declaratory relief, and the federal court did not so rule. The federal judgment became final and resolved the controversy between HARR and the Town. There thus remains no controversy that HARR may leverage into a declaratory judgment action in state court.

Because this case is fully resolved on claim preclusion grounds, it is unnecessary to address issue preclusion.

## Order

The Town's motion to dismiss is granted.

The Town shall submit a form of judgment. V.R.C.P. 58(d).


Robert R. Bent,
Judge