### In re Richard A. Smith

[479 A.2d 152]

No. 83-263

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 8, 1984

*Andrew B. Crane*, Defender General, and *Stephen W. Gould*, Defender, Correctional Facilities, Montpelier, for Petitioner-Appellant.

*John J. Easton, Jr.*, Attorney General, and *Elizabeth Grant Rome*, Assistant Attorney General, Montpelier, for Respondent-Appellee.

**Billings, C.J.** The petitioner appeals an order of the Orange Superior Court granting the State's motion to dismiss his petition for post-conviction relief.

In 1971, petitioner pled nolo contendere to one count of kidnapping. 13 V.S.A. § 2401. In 1974, he was sentenced to a term of not less than three nor more than ten years. He completed serving this sentence sometime prior to 1980. He is currently serving a sentence in a federal penal institution for crimes committed subsequent to the kidnapping.

As grounds for this appeal, petitioner asserts: (1) that under Chapter I, Article 10 of the Vermont Constitution, and V.R.Cr.P. 23(a), the trial court was barred from accepting his plea of nolo, and thereby waiving a jury trial to which he was entitled, since kidnapping is an offense punishable by imprisonment; and (2) that the order dismissing his petition is void because the dismissal involved a question of law and the assistant judges, who have no legal training, participated in the hearing and signed the court's order. See *State* v. *Dunkerley*, 134 Vt. 523, 365 A.2d 131 (1976).

In order for the petitioner to invoke post-conviction review, he must be "in custody" under the sentence that is asserted to be improper or void. 13 V.S.A. § 7131. We have previously held that an individual need not actually be incarcerated under the conditions of the attacked sentence in order to satisfy the "in custody" requirement of 13 V.S.A. § 7131. See *State* v. *McMann*, 133 Vt. 288, 291–92, 336 A.2d 190, 192 (1975); *Magoon* v. *Smith*, 130 Vt. 603, 604, 298 A.2d 820, 821 (1972). In *In re Stewart*, 140 Vt. 351, 438 A.2d 1106

(1981), we held that a person who is not incarcerated is nevertheless in custody for purposes of post-conviction review if he or she suffers a significant restraint on personal liberty as a direct result of the challenged conviction. *Id.* at 359–61, 438 A.2d at 1109. We noted, however, that not every collateral consequence associated with a conviction will trigger post-conviction jurisdiction, and a conviction may deny or impinge on privileges that are so trivial that jurisdiction will not be found. *Id.* at 360, 438 A.2d at 1109. In the instant case, the petitioner, who has completed his sentence on the kidnapping conviction, has failed to allege or demonstrate any collateral consequence stemming from that sentence. As a result, the petitioner has failed to invoke jurisdiction pursuant to 13 V.S.A. § 7131.

In view of our disposition of this cause on jurisdictional grounds, we do not reach the issues alleged as error on appeal.

*Affirmed.*