**IN RE RICHARD LIBERTY**

[572 A.2d 1381]

No. 88-571

February 26, 1990. Defendant appeals the trial court's denial of his petition for a writ of habeas corpus. We affirm.

Defendant filed a petition for a writ of habeas corpus alleging that a 1973 DWI conviction was constitutionally flawed because of a lack of voluntary and knowing waiver of a jury trial, production of evidence, confrontation of witnesses and effective counsel. In 1986, defendant was convicted of DWI, fourth offense. His 1973 conviction was considered in determining the length of his license suspension. His license was suspended for six years; if the 1973 conviction were overturned, the suspension would be for only three years. Defendant was not represented by counsel in 1973, and submitted an affidavit that he has "no present recollection of waiving [his] rights to a jury trial, to compel the production of evidence, to confront witnesses and to an effective attorney." The district court could not locate a transcript of the 1973 proceedings.

· A motion for post-conviction relief requires the moving party to establish, by a preponderance of the evidence, that fundamental errors rendered his conviction defective. *In re Mecier*, 143 Vt. 23, 26, 460 A.2d 472, 474 (1983). The petitioner must further be "in custody" under the allegedly invalid sentence, or the court lacks jurisdiction to consider the matter. 13 V.S.A. § 7131; *In re Stewart*, 140 Vt. 351, 355, 438 A.2d 1106, 1107 (1981). Petitioner need not be actually incarcerated in order to meet the "custody" requirement. *In re Smith*, 144 Vt. 494, 495, 479 A.2d 152, 153 (1984). Courts considering the question have delineated the following "useful indicia" of custody: the petitioner's conduct must be to some degree under the supervision or direction of judicial officers; or the petitioner may face the possibility of imminent incarceration without a formal trial and criminal conviction, creating a restraint on liberty sufficient to constitute custody. *Fleming v. Abrams*, 522 F. Supp. 1203, 1205 (S.D.N.Y.

1981), *aff'd*, 697 F.2d 290 (2d Cir. 1982). At a minimum, the combination of such incarceration with even minimum supervision could constitute custody. *Id.*

Because the defendant is not in custody, his petition fails on jurisdictional grounds. "Every collateral consequence associated with a conviction will not trigger jurisdiction." *Stewart*, 140 Vt. at 360, 438 A.2d at 1109. The additional three-year suspension of his license is insufficient to activate the statute. Furthermore, even if the statute could be applied in this case, defendant has not met his burden of proof. His lack of recollection does not show, by a preponderance of the evidence, that his 1973 conviction was constitutionally infirm. We affirm the superior court's denial of post-conviction relief.

*Affirmed.*