**In re David LaMOUNTAIN**

[752 A.2d 24]

No. 99-195

April 19, 2000. The State appeals from the superior court's ruling vacating petitioner David LaMountain's 1985 conviction for driving while intoxicated, first offense. Petitioner collaterally attacked the 1985 conviction that was based on a guilty plea, which he claims was not intelligent and voluntary. The court found jurisdiction based on the permanent revocation of petitioner's license and vacated the 1985 conviction because of Rule 11 violations. We reverse.

In March 1998, petitioner filed a petition for post-conviction relief requesting the court vacate his 1985 conviction because his guilty plea was not voluntary and intelligent. Petitioner's driver's license is now revoked for life as a result of his three convictions, including the 1985 conviction, for DWI. See 23 V.S.A. § 1208. The court decided this permanent restriction on petitioner's liberty satisfied the requirements of the post-conviction relief statute and vacated the 1985 conviction based on the absence of a recorded Rule 11 colloquy.

On appeal, the State argues that the court lacked jurisdiction to hear the claim because petitioner is not "in custody under sentence" as required by the post-conviction relief statute. See *id.* Substantively, the State argues that the court erred in vacating the conviction where petitioner had not carried his burden to show fundamental errors rendered his conviction defective.

Post-conviction relief is available only to petitioners who are "in custody under sentence of a court." See 13 V.S.A. § 7131. Rule 32(d) motions are available to those

convicted but not in custody under sentence. See V.R.Cr.P. 32(d). Therefore, as a threshold question, we must determine whether petitioner's situation satisfies the jurisdictional requirement that he be "in custody under sentence."

A defendant need·not be incarcerated to be "in custody." See *State v. Wargo*, 168 Vt. 231, 234, 719 A.2d 407, 409 (1998). We have held that "a significant restraint on personal liberty as a direct result of the challenged Vermont conviction" is sufficient to satisfy the post-conviction relief statute. *In re Stewart*, 140 Vt. 351, 359-60, 438 A.2d 1106, 1109 (1981). Relief is, however, limited to those suffering significant restraints on liberty. "Every collateral consequence associated with a conviction will not trigger jurisdiction. A conviction may deny some privileges so trivial that the 'in custody' requirement is not satisfied." *Id.* at 360, 438 A.2d at 1109.

We have held that the three-year suspension of a license did not constitute custody. See *In re Liberty*, 154 Vt. 643, 644, 572 A.2d 1381, 1382 (1990). There, we turned to what other courts have called "useful indicia" of custody. *Id.* Those indicia are:

> [T]he petitioner's conduct must be to some degree under the supervision or direction of judicial officers; or the petitioner may face the possibility of imminent incarceration without a formal trial and criminal conviction, creating a restraint on liberty sufficient to constitute custody. At a minimum, the combination of such incarceration with even minimum supervision could constitute custody.

*Id.* (citations omitted). We have adhered to this standard in defining custody in subsequent cases. See, e.g., *State v. Yates*, 169 Vt. 20, 22, 726 A.2d 483, 485 (1999) (holding that probation was custody and permitted jurisdiction under post-convic-

tion relief statute); *Wargo*, 168 Vt. at 234, 719 A.2d at 409-10 (holding that petitioner on probation was "in custody" because both factors of mandatory supervision and possibility of imminent incarceration were present). Neither factor is present in this case; petitioner is under no supervision by judicial officers, nor is he subject to incarceration without a trial and conviction. Therefore, he is not "in custody," and the court lacked jurisdiction to hear his petition.

Our decision accords with decisions in other states that the loss of a driver's license is not "custody" as contemplated by post-conviction relief provisions. See, e.g., *State v. Blankenfeld*, 423 N.W.2d 479, 482 (Neb. 1988) (permanent revocation of driver's license for DWI did not satisfy "in custody" requirement of post-conviction relief statute); *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997) (to be eligible for post-conviction relief, petitioner must be currently serving sentence of imprisonment, probation, or parole).

Because we find the court lacked jurisdiction to consider petitioner's post-conviction petition, we do not reach the substantive claim that petitioner's 1985 guilty plea was improperly accepted in the absence of a Rule 11 colloquy. Petitioner is not deprived of an avenue to challenge the conviction, however. Because he was not sentenced to any imprisonment, he falls within Rule 32(d) and may file a motion to withdraw his guilty plea in the 1985 case. See V.R.Cr.P. 32(d) (providing that motion to withdraw guilty plea may be made "at any time" by defendant whose sentence does not include term of imprisonment).

*Reversed.*