In Re:  Bobby Jo Desrochers, No. S1494-03 Cnc  (Norton, J., July 22, 2005)


[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                           Docket No. S1494-03 CnC


IN RE BOBBY JO DESROCHERS


ENTRY

Petitioner Bobby Jo Desrochers has petitioned for post-conviction relief, arguing that he was denied effective assistance of counsel when he pleaded guilty to one count of burglary on October 26, 1998. Specifically, Desrochers argues that his trial counsel did not pursue a V.R.Cr.P. 12(d) motion to dismiss, which would have shown that the State had presented no facts to demonstrate that Desrochers had entered any building or structure knowing that he was not "licensed or privileged to do so" under 13 V.S.A. § 1201(a). The State has filed a summary judgment motion, claiming that Desrochers will not be able to meet his burden of proof to show that counsel's failure to pursue the V.R.Cr.P. 12(d) motion prejudiced Desrochers.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). The following facts are undisputed.

In July 1989, Desrochers was charged with one count of burglary, in violation of 13 V.S.A. § 1201. The information for the charge stated that Desrochers had "entered a building, to wit: the Perkins Landing Store at the University Mall, knowing he was not licensed or privileged to do so, with the intent to commit petit larceny." According to the affidavit of probable cause, an individual subsequently identified as Desrochers was observed squatting down beside the steel security gate for the Perkins Landing Store,

reaching through the gate, and removing a sweatshirt from the store. At the time of the incident, Perkins Landing was closed and locked, and the Mall was also closed.

Desrochers was privileged to be in the Mall as an employee of Don/Vac Inc., which had a contract to do framing, sheet rocking, and insulation work at the Mall. Don/Vac performed its work after business hours, so its employees were permitted to be in the Mall even after it closed. Neither the State nor Desrochers, however, provide any specific information regarding the extent of this privilege to be in the Mall. Desrochers merely states in an affidavit that Don/Vac's contract included "all framing, sheet rocking and insulating in the new portion of the University Mall." He does not define what the "new portion" entailed.

Following Desrochers's arrest and plea of not guilty, his counsel filed a motion to dismiss pursuant to V.R.Cr.P. 12(d), contending that the State could not prove "that Desrochers entered a building." This motion is dated September 22, 1989. The State submitted a copy of it, but it is not referenced in the docket information regarding this case and it is not clear what became of the motion.

In any event, on October 26, 1989, the court held a change of plea hearing where Desrochers pleaded guilty. In the V.R.Cr.P. 11 colloquy, the court asked whether Desrochers had reviewed the police affidavit containing the factual basis for the State's burglary charge. Desrochers replied that he had, that he was satisfied with his lawyer's advice, and that he had no further questions for the court or for his lawyer. The court then found a factual basis for Desrochers's plea and entered a judgment of guilty. Pursuant to the plea agreement, the court sentenced Desrochers to 0 to 120 days to serve concurrently with a separate 90-day sentence.

As an initial matter, the State does not contest whether Desrochers has standing to pursue a post-conviction relief claim. Pursuant to 13 V.S.A. § 7131, a prisoner must be "in custody under sentence" to petition for post-conviction relief. Obviously, Desrochers has long since completed his 0 to 120 day sentence in this matter. Though the facts are not clear from the record, Desrochers is apparently still in custody under sentence in federal prison, and his sentence is substantially enhanced because of numerous state crimes, including this one. Under Vermont law, "'a significant restraint on personal liberty as a direct result of the challenged Vermont conviction' is sufficient to satisfy the post-conviction relief statute." In re LaMountain, 170 Vt. 642, 643 (mem.) (quoting In re

Stewart, 140 Vt. 351, 359–60 (1981)). The effect that Desrochers's burglary conviction has had on his extended custody in federal prison is sufficiently direct such that Desrochers is in custody under sentence under the meaning of § 7131. Therefore, Desrochers has standing to pursue this petition.

In order to determine what effect, if any, the pursuit of a V.R.Cr.P. 12(d) motion would have had in Desrochers's case, the court turns first to the burglary statute. The statute provides: "A person is guilty of burglary if he enters any building or structure knowing that he is not licensed or privileged to do so, with the intent to commit a felony, petit larceny, simple assault or unlawful mischief.  This provision shall not apply to a licensed or privileged entry . . . ." 13 V.S.A. § 1201(a) (emphasis added). The statute proceeds to define "building or structure."

> As used in this section, the words "building," "structure," and "premises" shall, in addition to their common meanings, include and mean any portion of a building, structure or premises which differs from one or more other portions of such building, structure or premises with respect to license or privilege to enter . . . .

Id. § 1201(b).

Thus, Desrochers could not have been guilty under the statute if Perkins Landing did not differ from other portions of the Mall with respect to Desrochers's privilege. The police affidavit, though, presented no facts regarding whether Desrochers knew he was not privileged to enter either the Mall or Perkins Landing. His V.R.Cr.P. 12(d) motion to dismiss would have been successful depending on what evidence the State could have produced in response to demonstrate that Perkins Landing did differ from the Mall and therefore was a "building" or "structure" under the meaning of the burglary statute.

Desrochers has the burden of proof on this issue. See In re Mecier, 143 Vt. 23, 26 (1983) (holding that petitioner in post-conviction relief claim has "burden of establishing the infirmity of his conviction"). The State presents few facts to support a holding that Perkins Landing differed from the Mall in general. It merely asserts that Desrochers is not be able to meet his burden and therefore the court must grant summary judgment in the State's favor. See Poplaski v. Lamphere, 152 Vt. 251, 254–55 (1989) ("Summary judgment is mandated . . . where, after an adequate time for discovery, a party 'fails to make a showing sufficient to establish the existence of an element' essential to his case

and on which he has the burden of proof at trial." (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986))).

The State's undisputed facts suggest that it is highly unlikely that Desrochers had a privilege to enter Perkins Landing. For instance, the court doubts that Desrochers would have had to squat down and reach through a steel gate to access Perkins Landing if he were privileged to enter Perkins Landing in the first place. If he had such a privilege, either his employer or Mall personnel probably would have simply left Perkins Landing open or provided him a means by which to remove the steel gate and enter the store.[1]

In response to the State's motion, Desrochers does not specifically state that he was privileged to enter Perkins Landing. He simply asserts that he was privileged to enter the Mall by virtue of his employer's contract to work in the "new portion" of the Mall. It is nearly impossible to determine from these facts alone whether the "new portion" included stores like Perkins Landing, but, as the Vermont Supreme Court has long held, "the party opposing summary judgment is entitled to the benefit of all reasonable doubts and inferences." Carr v. Peerless Ins. Co., 168 Vt. 465, 476 (1998). The court therefore holds that Desrochers has presented a factual dispute as to whether he had a privilege to be in Perkins Landing. The court cannot make a finding on this fact absent a full hearing on the merits. Summary judgment is therefore inappropriate.

If it should turn out that Desrochers was privileged to be in Perkins Landing, then Desrochers would have likely been successful with his V.R.Cr.P. 12(d) motion because the State would not have had evidence to demonstrate a prima facie case that Desrochers entered a building or structure under the meaning of the burglary statute. Desrochers's defense counsel would thus have been ineffective with advise Desrochers that there was a factual basis for the court to accept a guilty plea when there was no such factual basis, and there is a strong likelihood that Desrochers would not have pleaded guilty if he had

---

[1] Desrochers asserts in his statement of material facts that he actually "reached through the gate of the Perkins Landing Store with a metal object and removed the sweatshirt through the metal gate." He provides no evidentiary support for this fact pursuant to V.R.C.P. 56(e), but in any event, this fact seems to support the State's argument that Desrochers was not privileged to enter Perkins Landing. A person with a privilege to enter a certain area would not likely go to the trouble of using implements to reach into that area.

4

received proper advice concerning the State's factual basis. See, e.g., <u>Hill v. Lockhart</u>, 474 U.S. 52, 58–59 (1985) (holding that petitioner may satisfy prejudice prong of two-part <u>Strickland</u> standard following guilty plea if petitioner shows "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"); <u>State v. McDermott</u>, 677 N.W.2d 156, 161 (Neb. 2004) ("[I]n a postconviction action brought by a defendant convicted because of a guilty plea, a court will consider an allegation that the plea was the result of ineffective assistance of counsel."); <u>Peiffer v. State</u>, 88 S.W.3d 439, 445 (Mo. 2002) ("If a conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made."). The court cannot determine whether Desrochers's counsel was ineffective, however, without first resolving the factual dispute concerning Desrochers's privilege.

ORDER

For the foregoing reasons, the State's summary judgment motion is DENIED.

Dated at Burlington, Vermont, July 22, 2005.

_____/s/_____
Judge

5