2007 VT 73

## In re Richard CARROLL

[933 A.2d 193]

No. 06-468

¶ 1. July 19, 2007. Petitioner appeals from the superior court's denial of his petition for post-conviction relief. In his petition, he asserted that his guilty pleas should be vacated, arguing that the State improperly charged him with thirty-one counts, which were not supported by law, and that his plea to three of the charges was coerced due to excessive overcharging and was therefore involuntary. The State filed a motion for summary judgment, arguing that petitioner had waived his right to challenge the voluntariness of his pleas for failure to raise the issue on direct appeal, or in the alternative that he would be unable to demonstrate that his pleas were involuntary. Petitioner filed a cross-motion. The court granted the State's motion, and petitioner appeals.

¶ 2. The facts in this case are undisputed. Petitioner was charged in 1998 with twelve counts of illegal disposal of hazardous waste, twelve counts of illegal transport of hazardous waste, and seven counts of illegal disposal of solid waste. Each of the thirty-one counts had a potential sentence of five years. 10 V.S.A. § 6612(d).

¶ 3. All of the charges related to one incident in which petitioner dumped twenty-four barrels of waste into the Otter Creek, twelve of which were found to contain hazardous materials. Those twelve barrels were the basis for the charges of illegal transport and illegal disposal. The other seven barrels were the basis of the seven charges of illegal disposal of solid waste in an amount in excess of 275 pounds, *id.*, as each contained more than that amount.

¶ 4. In 1999, the State amended the information to charge petitioner as a habitual offender based on multiple prior felony convictions. Based on that charge, even if petitioner was convicted of — or pleaded guilty to — only one of the thirty-one counts, he could be subject to life in prison. See 13 V.S.A. § 11.

¶ 5. Petitioner filed a motion to strike what he alleged were duplicative counts, arguing that the case should be reduced to only one charge because all the barrels were allegedly transported and dumped as part of a single incident. About two weeks later, rather than seeking a ruling on his motion, petitioner pleaded guilty to three of the charges — one of each type — and the other twenty-eight were dismissed. The plea agreement capped the maximum sentence at five to fifteen years, and allowed petitioner to argue for less. At the change-of-plea hearing, the judge expressly advised petitioner that his plea would render moot any pending motions: "I want you to understand that by pleading guilty today, there will be no ruling on any of those motions and some of those rulings might have been favorable to you . . . Do you understand that you give up the right to have the court rule on any of those motions?" Petitioner stated that he understood.

¶ 6. Prior to sentencing,[*] petitioner sought to withdraw his plea, arguing that

he did not understand he was subject to the habitual-offender penalty. The court rejected that argument, finding that the habitual-offender penalty was expressly discussed with him at the plea hearing. Petitioner was ultimately sentenced to five to fifteen years on each of the three charges, all to run concurrently.

¶ 7. A month after sentencing, petitioner filed his petition for post-conviction relief. He claimed that under the relevant statute the State could have properly proceeded only on three charges: one charge of disposal of hazardous waste, one charge of transport of hazardous waste, and one charge of disposal of solid waste. As a result of the "severe overcharging," he claimed his plea was involuntary. As noted, the State moved for summary judgment, which the court granted. We now affirm that decision.

¶ 8. This Court reviews the trial court's decision on summary judgment de novo and applies the same standard as the trial court. *In re Carter*, 2004 VT 21, ¶ 6, 176 Vt. 322, 848 A.2d 281. "Summary judgment is appropriate when there are no genuine issues of material fact and, viewing the evidence in a light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." *Id.* The standard for post-conviction relief is well-established. On a petition for post-conviction relief, defendant bears the burden of proving "by a preponderance of the evidence, that fundamental errors rendered his conviction defective." *In re Liberty*, 154 Vt. 643, 644, 572 A.2d 1381, 1382 (1990) (mem.). The burden of demonstrating prejudice falls on the petitioner. *In re Kivela*, 145 Vt. 454, 458, 494 A.2d 126, 129 (1985).

¶ 9. As the trial court found, petitioner pleaded guilty to only the three charges

---

[*] Sentencing was set for December 21, 1999. Petitioner failed to appear, and an arrest warrant was issued. He was arrested on the warrant on February 8, 2005, and a sentencing hearing was scheduled.

he acknowledges could have been prosecuted and proved — one count of illegal disposal of solid waste, one count of illegal disposal of hazardous waste, and one count of illegal transporting of hazardous waste — and all the others were dismissed. Further, he was aware of the issue he now raises before he entered his plea, as his counsel had filed a motion to strike the allegedly duplicative charges. Petitioner expressly acknowledged on the record that he was waiving his right to have the court rule on that motion. If petitioner was correct that the charges were duplicative, he needed only to wait for the trial court to rule on his pending motion, at which time he would have faced only one count instead of thirty-one.

¶ 10. This situation may be analogized to a petitioner who claims that his plea was involuntary because the State threatened to use inadmissible evidence against him. If the plea is entered while a motion to suppress the evidence is pending, the petitioner has no valid claim of involuntariness. See *People v. Edison*, 467 N.Y.S.2d 368, 368 (App. Div. 1983) (mem.) ("As defendant pleaded guilty three days before the decision of his motion to suppress statements, it is apparent that the court's decision denying the motion to suppress could in no way have been a factor in defendant's decision to plead guilty."). Nor is this a case where petitioner was coerced by prosecution on a charge not justified by the evidence, as discussed in *Brady v. United States*, 397 U.S. 742, 751 n.8 (1970). There the Court held that the defendant's guilty plea was voluntary and distinguished that plea from situations in which "the prosecutor or judge, or both, deliberately employ their charging and sentencing powers to induce a particular defendant to tender a plea of guilty." *Id.* The issue here is not whether the State had evidence to support the charges. Rather, petitioner's dispute is a legal one related to the meaning of the statute and whether the undisputed

evidence provides a legal basis for the number of charges.

¶ 11. Petitioner also argues that he believed he could, in fact, be convicted and sentenced on all thirty-one counts and as a habitual offender on each of the counts. However, he faced the same potential sentence, life imprisonment, whether he proceeded to trial on one, three, or thirty-one counts. Therefore, he could not have been prejudiced by the allegedly duplicative charging, nor could it reasonably have affected his decision to plead guilty.

¶ 12. Finally petitioner asserts that the superior court erred in failing to decide whether all thirty-one counts could have been maintained against him. He concedes that the State could go forward on the three counts to which he pleaded guilty, but argues that the other twenty-eight counts were illusory. As resolution of this issue was not necessary to the superior court's decision, the court was not required to address it. We find no error.

*Affirmed.*